# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| CORR WIRELESS COMMUNICATIONS, L.L.C., CELLULAR SOUTH, INC., AND CELLULAR SOUTH LICENSES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T, INC., AT&T MOBILITY LLC, MOTOROLA SOLUTIONS, INC., AND QUALCOMM INCORPORATED, <br><br> Defendants. | No. 3:12-cv-036-SA-SAA |

## DEFENDANT AT&T'S MOTION FOR EXTENSION OF TIME TO RESPOND TO ANTITRUST COMPLAINT

Defendants AT&T Mobility LLC and AT&T Inc.[1] ("AT&T") hereby move for an extension of time up to and until May 23, 2012, to respond to the complaint in this action.

### BACKGROUND

1. On April 2, 2012, Plaintiffs Corr Wireless Communications, L.L.C., Cellular South, Inc., and Cellular South Licenses, LLC ("Plaintiffs") filed a 143-page, 432-paragraph antitrust complaint in this Court. The Complaint names as defendants AT&T, Motorola Solutions, Inc., and Qualcomm Incorporated ("Defendants").

2. Plaintiffs contend that the Defendants "commandeered" the standard-setting process of the Third Generation Partnership Project ("3GPP") to establish a frequency band ("Band 17") that did not include spectrum that Plaintiffs had purchased at auction. Compl. ¶ 10. "3GPP institutes uniform technology standards for the telecommunications industry to ensure

---

[1] By joining this motion for extension of time, AT&T, Inc. does not concede that this Court has personal jurisdiction over it or that AT&T, Inc. is a proper party to this suit. AT&T, Inc. does not waive and specifically reserves the right to raise these issues in response to the Plaintiffs' Complaint.

worldwide compatibility of cellular devices and systems. More than 260 companies belong to 3GPP, representing all levels of the cell phone industry." *See Golden Bridge Tech., Inc. v. Motorola, Inc.*, 547 F.3d 266, 269 (5th Cir. 2008). The standard that Plaintiffs challenge was adopted in August 2008.

4. Plaintiffs also allege on "information and belief" that "AT&T has entered into formal and informal understandings with manufacturers that limit the ability of those manufacturers to provide 4G-LTE devices to smaller carriers such as [Plaintiffs] on a timely basis." Compl. ¶ 289. The complaint does not identify the manufacturers, much less the agreements, to which the complaint may refer.

5. Plaintiffs also speculate, "[b]ased on prior knowledge and experience," that AT&T will restrict Plaintiffs' access to "data roaming" – that is, the ability for Plaintiffs' wireless customers to use AT&T's network in areas that Plaintiff does not serve – at some future time. *Id.* ¶ 311.

6. Plaintiffs did not provide Defendants with advance notice of their intention to file a massive antitrust complaint, nor did they provide a courtesy copy of the complaint to any of the Defendants at the time of filing.

7. On April 11, 2012, counsel for AT&T called counsel for Plaintiffs and requested a 30-day extension (until May 23, 2012) to respond to the complaint by answer or motion.

8. On April 12, Plaintiffs denied AT&T's reasonable and customary request and informed AT&T that Plaintiffs would not agree to an extension beyond May 16.

**DISCUSSION**

10. AT&T seeks a 30-day extension of time for AT&T Mobility, LLC and a 19 day extension of time for AT&T, Inc. to respond to an extraordinarily massive antitrust complaint.[2]

11. There is good cause for the Court to grant the motion. To ensure a thorough response to the complaint, AT&T seeks adequate time to determine the legal basis for a potential motion to dismiss the complaint and to investigate any allegations to which an answer is required.

12. Plaintiffs' claims concerning wireless industry standards are already before the Federal Communications Commission ("FCC") – which has regulatory authority over the spectrum and device standards at issue in the complaint – and regulatory counsel for AT&T has familiarity with those matters. But the complaint also includes allegations, many of them vaguely pleaded and potentially implicating dozens if not hundreds of contracts and other arrangements.

14. Plaintiffs have no legitimate basis to oppose this request. An additional week's extension – though important to AT&T as it formulates its response to this massive and unexpected filing – will not have any material effect on the progress of this litigation.

15. Moreover, as AT&T will explain in response to Plaintiffs' April 12, 2012, Motion for Expedited Scheduling and Case Management Conference, none of the conduct of which Plaintiffs complain is recent – to the contrary, the critical allegations of the complaint involve conduct that took place in 2008. Having chosen the timing for the filing of this complaint, Plaintiffs' refusal to accommodate AT&T's customary request for a 30-day extension of time to respond is unreasonable.

---

[2] AT&T Mobility LLC was served with process on April 2, 2012. AT&T, Inc. was served with process on April 13, 2012.

**CONCLUSION**

16. For the foregoing reasons, the Court should grant AT&T's motion and extend the time for AT&T to plead or otherwise respond to the complaint until May 23, 2012.

>Respectfully submitted,
>AT&T MOBILITY LLC and AT&T, Inc.
>
>/s/David W. Upchurch_____
>DAVID W. UPCHURCH, MSB #10558
>
>HOLLAND, RAY, UPCHURCH & HILLEN, P.A.
>P.O.DRAWER 409
>TUPELO, MS 38802-0409
>TELEPHONE: 662-842-1721
>FACSIMILE: 662-844-6413
>dwu@hruhpa.com
>
>*Attorneys for Defendants AT&T Mobility LLC, and AT&T, Inc. and*

**CERTIFICATE OF SERVICE**

  I, David W. Upchurch, hereby certify that I have this day filed the foregoing Motion for Extension of Time To Respond to Antitrust Complaint with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following registered participants:

    Alan W. Perry, Esq., MSB #4127
    Daniel J. Mulholland, Esq., #3643
    Walter H. Boone, Esq., #8651
    Forman, Perry, Watkins, Krutz & Tardy, LLP
    200 S. Lamar Street, Suite 100
    Jackson, MS 39201-4099
    Tel: 601-969-7833
    Fax: 601-960-8613
    aperry@fpwk.com

    Charles L. McBride, Esq., MSB #8995
    M. Patrick McDowell, Esq., MSB #9746
    Joseph A. Sclafani, Esq., MSB #99670
    Brian C. Kimball, Esq., MSB #100787
    Brunini, Grantham, Grower & Hewes, PLLC
    190 E. Capitol Street, Suite 100
    Jackson, MS 39201-2151
    Tel: 601-960-6891
    Fax: 601-960-6902
    cmcbride@brunini.com

    Walter T. Johnson, Esq., MSB #8712
    Watkins & Eager PLLC
    400 East Capitol Street, Suite 300 (39201)
    P.O. Box 650
    Jackson, MS 39205
    Tel: 601-965-1900
    Fax: 601-965-1901
    wjohnson@watkineager.com

    Counsel for Plaintiffs Cellular South, Inc.
    Corr Wireless Communications, LLC and
    CellularSouth Licenses, LLC

  DATED this the 16th day of April, 2012.


                /s/David W. Upchurch
                DAVID W. UPCHURCH