**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CORR WIRELESS
COMMUNICATIONS, L.L.C.,
CELLULAR SOUTH, INC., and
CELLULAR SOUTH LICENSES, LLC**            **PLAINTIFFS**

**V.**            **CIVIL ACTION NO. 3:12CV036**

**AT&T, INC., AT&T MOBILITY LLC,
MOTOROLA SOLUTIONS, INC.,
QUALCOMM INCORPORATED, and
JOHN DOES 1-10**            **DEFENDANTS**

**QUALCOMM'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION
FOR EXPEDITED SCHEDULING AND IN SUPPORT OF QUALCOMM'S MOTION
FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

On March 21, 2012, in response to a petition from Cellular South, the Federal Communications Commission ("FCC")—often referred to as the "expert agency" in matters relating to radio spectrum and interference—launched a rulemaking inquiry into the *same* issues, and evaluating the *same* remedy, that are the substance of Cellular South's[1] complaint before this Court.

Just two weeks later, Plaintiff filed this duplicative 140 paged complaint with no advance warning, has refused Defendants' reasonable request for an additional 30 days to evaluate the massive complaint and prepare to move or answer, and now—with no prior attempt to confer with Defendants— files the present motion for "expedited scheduling," claiming extraordinary

---

[1] Cellular South , Inc., and its affiliated companies, Corr Wireless Communication , L.L.C., and Cellular South Licenses, LLC, are all named Plaintiffs in this action. For convenience of reference, they will collectively be referred to hereinafter as "Cellular South" or "Plaintiffs."
991687

urgency while simultaneously and explicitly *not* seeking preliminary injunctive relief, nor any relief at all until trial, to be held a year from now.

This is all very strange. The problem that underlies this complaint and the recently launched FCC rule-making proceeding is fundamentally a technological problem and a business problem, and it will ultimately have a business solution, a regulatory solution, or—depending on the sometimes unpredictable path of innovation—a technological solution. A disorderly acceleration of the opening stages of this lawsuit will indeed deprive Qualcomm of reasonable time to prepare an accurate answer or a clearly crafted motion to dismiss, but it will have no other meaningful effect.

Instead of acceding to Cellular South's demands, the Court should follow its own well established procedures, allowing the Defendants sufficient time to respond to this exceedingly complex complaint, setting a case management conference at an appropriate time, and allowing the parties adequate time to evaluate their positions and prepare their cases.

Cellular South wants this Court to throw out its normal procedures and—before the pleadings have even been joined—strap the parties into a scheduling order that is wholly unrealistic in a case of this complexity.

Preparing a response to the 142-page, 432-paragraph complaint is a very large undertaking. It will require determining the truth or falsity of a *vast* volume of detailed allegations after gathering knowledge spread across many individuals and multiple companies. Cellular South's assertion that Qualcomm and the other Defendants "already have the facts" is specious. Defendants have an obligation under the Federal Rules to respond to every allegation of the complaint, an obligation that can only be satisfied after a massive fact-gathering effort

relating to complex technologies, business issues, events in the 3GPP[2] standards setting process, and events in the FCC rulemaking process, among other matters.

Moreover, Qualcomm must analyze the (by no means obvious) legal adequacy under the antitrust laws of allegations of conspiracy, market definition and antitrust injury that are scattered obscurely across the complaint. That process, and the potential preparation of a motion to dismiss that will lay out those issues and the governing antitrust law for the court, is also a very complex task.

To respond to the complaint, Qualcomm must also analyze in detail the relationship of allegations and requested relief in this case to matters *currently* before and under consideration by the FCC pursuant to a Notice of Proposed Rulemaking issued March 21 at the request of Cellular South,[3] as well as the legal propriety of asking this court to wade into the same extremely complicated and technical subject matter at the same time. Indeed, Cellular South's complaint seeks to put this Court in the peculiar position of adjudicating, as to only Cellular South and the named Defendants, issues that the FCC is considering on a nationwide basis and as to all industry participants.

If this case is properly before this court in parallel with the FCC's expert agency proceedings, the parties can and will work hard and quickly to clarify issues and move the matter toward conclusion. Indeed, it is in the best interest of all parties to do so. But Cellular South has presented no compelling reason for the court to abandon its settled procedures and deny the Defendants time for reasonable preparation. Obviously Plaintiffs have spent months preparing their complaint and are well aware of the enormous task Defendants face in having to respond to

---

[2] "3GPP" is an acronym for "Third Generation Partnership Project," the worldwide standards setting organization that creates standards for mobile telecommunications technologies.
[3] *See* FCC Notice of Proposed Rulemaking, March 21, 2012, a copy of which is attached as Exhibit A to Qualcomm's Response in Opposition to Plaintiffs' Motion for Expedited Scheduling and Case Management Conference and for Other Relief (No, 10).

991687                                          3

it. Yet Plaintiffs' counsel refused Defendants' extremely reasonable request for a thirty-day extension of time to answer, consenting only to twenty-three days. And now Cellular South seeks through this motion to impose a draconian scheduling order *before the issues have been joined, much less clarified.*

It is significant that the complaint seeks injunctive relief but does not ask for a preliminary injunction. Because of Cellular South's failure to seek such expedited relief, its suggestion of economic hardship if the court does not grant the motion to expedite rings hollow.

No easy shortcuts will be available in the course of this proceeding. Cellular South suggests that delaying discovery and trial about damages until after trial of the injunctive portions of the case could save time. This simply illustrates that it is too early in the process to map out the shape of this case. Certainly, there can be no clean bifurcation of issues of damages; to act on a request for an injunction, a court must balance the hardships to be suffered by the parties. See <u>eBay Inc. v. MercExchange, L.L.C,</u> 547 U.S. 388, 391, 126 S.Ct. 1837, 1839, 164 L.Ed.2d 641, 645-46 (2006). In the present case, the court cannot properly conduct such balancing unless the parties have undertaken extensive discovery related to issues of technical business feasibility and the impact of the demanded injunction.

In short, the scope and most efficient structure of this case is, at this very early stage, completely unknown. To steer the development of this, and every, case, this Court is governed by the Federal Rules of Civil Procedure (the "Federal Rules") and the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi (the "Local Rules"). These rules balance the competing demands for prompt resolution and for adequate time for preparation, while providing appropriate consideration for conservation of judicial resources. The time sequences established by these rules, when combined with the wise exercise of judicial discretion to promote justice, make orderly development and disposition of

991687                                    4

cases possible, even cases of this complexity. Plaintiffs have provided no compelling reason to disrupt the operation of these rules.

As a further disruption and distraction from the orderly disposition of this case, Cellular South's motion, in a purported afterthought, asks the Court to appoint a special master "to deal with discovery and other non-dispositive matters" because "the Court's own resources are devoted to a number of cases." This is amusing irony. The Court needs help to deal with this complex case, Cellular South suggests, but the time allotted to Defendants for their own necessary preparation should be restricted.

The filing of Plaintiffs' extraordinary motion is, in and of itself, disruptive to effective operation of the Court's proven processes. Rather than focusing on preparation of a response to the Complaint, Defendants are required to respond to a motion that seeks to invent new procedures that are disadvantageous to the Defendants and that purportedly seek to address concerns that the established rules already take into account.

Under Local Rule Rule 16(a), the Court will issue an order that requires and allows counsel to confer regarding the numerous issues raised in Plaintiffs' motion. The issues that can be agreed upon will be agreed upon, and those that cannot be agreed upon will be discussed and addressed by the Court at the Case Management Conference. In accordance with Local Rule 16, this Court—not Plaintiffs—sets the case management conference after the filing of the first responsive pleading, and dictates the manner in which case deadlines are set and the purposes for which attorney conferences are required. Cellular South's motion directly, and without reasonable justification, demands that the Court ignore its own Local Rule 16, which provides that only "[t]hose categories of proceedings appearing in Fed. R. Civ. P. 26(a)(1)(B) are exempt from the scheduling and disclosure requirements of these rules." Local Rule 16(h). This case does not fall within any of the listed categories of Rule 26(a)(1)(B).

This Court, in its Rule 16(a) Order, will set a deadline for the parties to submit a proposed case management order using the Court's Form No. 1. Plaintiffs have presented a proposed case management order, but this proposed order varies dramatically from the Court's form, allowing such extraordinary items as "unlimited requests for admission and requests for production" while once again seeking to disadvantage Defendants by allowing a party only ten days—instead of the standard thirty— to serve objections to these potentially endless written discovery requests. See Plaintiffs' Motion, Exhibit 1, ¶¶ 8 & 9.

As the Court is aware, complaints asserting antitrust violations are often disposed of at the Rule 12(b)(6) stage. Cellular South's proposed order attempts further to hamstring the Defendants and limit their right to file Rule 12(b)(6) and similar motions by denying reasonable time to prepare such motions. There is no justification for this departure from ordinary and appropriate practice. For example, Local Rule 16(b)(3) certainly addresses the need and requirement of raising jurisdictional defenses prior to the case management conference and therein limits the authority of the parties to seek a stay of the proceedings. Plaintiffs' one-sided, arbitrary deadlines should be dismissed by this Court.

Local Rule 16(c) states that "[d]isagreements with the content of the proposed case management order ***must be noted on the submitted written plan.***" Unif. Loc. Civ. R. 16(c). Clearly, this rule allows for counsel at least to attempt to agree on some aspects of the case management order and then, in a succinct, single document, advise the Court on the issues upon which there is disagreement. The recognized case management process has been carefully developed to promote judicial economy and efficiency in litigation while protecting the rights of litigants. Those goals are served by adhering to the rules already in place.

Plaintiffs' motion, including their request for appointment of a special master, should be denied.

Respectfully submitted, this the 16th day of April, 2012.

                                              QUALCOMM INCORPORATED, Defendant

                              By:   /s/Otis R. Tims
                                      L. F. SAMS, JR. (MSB #6426)
                                      OTIS R. TIMS (MSB #8221)
                                      MARGARET SAMS GRATZ  (MSB #99231)

OF COUNSEL

MITCHELL MCNUTT & SAMS, P.A
P. O. BOX 7120
TUPELO, MISSISSIPPI  38802-7120
TELEPHONE:  (662) 842-3871
FACSIMILE:  (662) 842-8450

CRAVATH, SWAINE & MOORE LLP
825 8TH AVENUE
NEW YORK, NEW YORK 10019
TELEPHONE:  (212) 474-1072

**CERTIFICATE OF SERVICE**

I, Otis R. Tims, one of the attorneys for Defendant, Qualcomm Incorporated, hereby certify that I have electronically filed the foregoing Qualcomm's Memorandum in Opposition to Plaintiffs' Motion for Expedited Scheduling and in Support of Qualcomm's Motion for Extension of Time to Respond to Complaint with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

*Attorneys for Plaintiffs:*

**Alan W. Perry**
**Daniel J. Mulholland**
**Water H. Boone**
Forman Perry Watkins Krutz & Tardy, LLP
City Centre, Suite 200
200 South Lamar Street
Jackson, MS  39201

**Charles L. McBride, Jr.**
**M. Patrick McDowell**
**Joseph A. Sclafani**
**Brian C. Kimball**
Brunini Grantham Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, MS  39201

**Walter T. Johnson**
Watkins & Eager, LLC
P. O. Box 650
Jackson, MS  39205

*Attorney for Defendants AT&T, Inc. and AT&T Mobility, LLC*

**David W. Upchurch**
Holland Ray Upchurch and Hillen
P. O. Drawer 409
Tupelo, MS  38802-0409

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participant:

991687                                                      8

*Attorney for Defendant Motorola Solutions, Inc.*

**Jim M. Greenlee**
Holcomb Dunbar
400 S. Lamar, Suite A
Oxford, MS  39655

This the 16th day of April, 2012.

              /s/Otis R. Tims
              Otis R. Tims