**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

| | |
|---|---|
| CORR WIRELESS COMMUNICATIONS, L.L.C.<br>CELLULAR SOUTH, INC., AND<br>CELLULAR SOUTH LICENSES, LLC    **PLAINTIFFS** | |
| vs.   **CIVIL ACTION NO. 3:12-cv-00036-SA-SAA** | |
| AT&T, INC., AT&T MOBILITY LLC,<br>MOTOROLA SOLUTIONS, INC., AND<br>QUALCOMM INCORPORATED    **DEFENDANTS** | |

**RESPONSE OF CELLULAR SOUTH PLAINTIFFS TO DEFENDANTS'
MOTIONS FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT**

Plaintiffs Corr Wireless Communications, L.L.C.; Cellular South, Inc.; and Cellular South Licenses, LLC (collectively "Cellular South") submit this response to the Motion of Defendants AT&T, Inc. and AT&T Mobility LLC (collectively "AT&T") for Extension of Time to Respond to Antitrust Complaint [Doc. #14] and the Motion of Defendant Qualcomm Incorporated for Extension of Time to Respond to Complaint [Doc. # 19].

The Motions for Extensions of Time involve only one week of time. However, this issue is only part of a larger dispute: Should this case be litigated in the "customary" manner, or should the Court in its discretion implement an expedited schedule to allow for a timely determination of Cellular South's claims for prompt injunctive relief to avoid severe and irreparable harm resulting from the Defendants' ongoing misconduct?

Cellular South therefore requests that the Motions of Additional Time be decided in conjunction with Cellular South's pending Motion for Expedited Scheduling and Case Management Conference and Other Relief [Doc. #10] – and that the deadlines for the Defendants' responsive pleadings be set for a time consistent with an expedited scheduling order.

1.	Cellular South filed this antitrust action on April 2, 2012, seeking "immediate, permanent injunctive relief at the earliest opportunity" to prevent further irreparable harm to Cellular South and to competition in the wireless carrier market resulting from the Defendants' ongoing, concerted anticompetitive conduct intended to stymie, if not eliminate altogether, the ability of Cellular South and other wireless carriers to offer the 4G-LTE wireless service and devices needed to compete effectively against AT&T in the wireless carrier market.  Compl. ¶ 429.  Cellular South seeks to bifurcate the case so as defer any determination as to monetary damages until after a later, separate trial.  Compl. ¶ 430; *see also id.* ¶¶ 26-34.

2.	Consistent with its need for immediate injunctive relief, and before counsel for any Defendant entered an appearance, Cellular South filed on April 12, 2010 its pending Motion for Expedited Scheduling and Case Management Conference and Other Relief [Doc. # 10].  In that Motion, Cellular South requests that the Court set an early scheduling and case management conference to establish a reasonably expedited discovery and trial schedule to allow a trial on Cellular South's claims for injunctive relief by no later than March 31, 2013.[1]  Pursuant to this necessarily expedited schedule, Cellular South's Motion proposes that the Defendants be given until May 16, 2012 – 44 days after service of the Complaint – to serve their responsive pleadings (i.e., motions to dismiss), to which Cellular South must respond within 21 days, to which the Defendants must reply within seven days.  *See* Doc. # 10-1 at ¶¶ 1-3.

---

[1]	The Defendants attempt to make much of the fact that Cellular South has not sought a preliminary injunction.  *See* Doc. # 21 at 2, 4.  As Cellular South expressly noted in its Motion for Expedited Scheduling, the bond required for such a preliminary injunction under Fed. R. Civ. P. 65(c) is simply not practical or feasible.  *See* Doc. # 10 at ¶ 10.  Thus, the fact that Cellular South has not sought to secure a preliminary injunction – which could not be bonded – has no bearing on its request for permanent injunctive relief after an expedited trial on the merits.

3. Cellular South advised counsel for the Defendants during telephone calls that it would seek an expedited scheduling order in this matter and would agree to an extension of time to respond to the complaint until May 16. All of the Defendants insisted on an extension until May 23.

4. AT&T and Qualcomm have now filed separate Motions for Extension of Time to respond to the Complaint [Doc. # 14; Doc. # 19] requesting 51 days (until May 23) in which to serve their responsive pleadings rather than the 44 days (until May 16) proposed by Cellular South.

5. Contrary to the Defendants' suggestion, Cellular South's proposal to limit the Defendants' extensions to May 16 rather than May 23 is neither arbitrary nor unreasonable. As demonstrated in its Motion for Expedited Scheduling [Doc. # 10], Cellular South believes that March 31, 2013 is at the "back end of the window" that would allow the Court to issue effective injunctive relief to prevent significant, irreparable harm resulting to Cellular South and to competition in the wireless carrier market from the Defendants' ongoing unlawful conduct. Therefore, Cellular South has proposed a case management order that reasonably tracks backward from that assumed trial date to establish the necessarily ambitious motion and discovery deadlines. *See* Doc. # 10-1.[2] The Court therefore should hear argument and rule on Cellular South's pending Motion before ruling on the Defendants' requests to further extend the deadlines for their responsive pleadings.

---

[2] The Defendants complain that Cellular South denied their "customary" requests for 30 additional days to respond to the Complaint rather than the 23 additional days proposed by Cellular South. Doc. # 14 at ¶ 8. As discussed above and more fully in Cellular South's Motion for Expedited Scheduling, this is by no means a customary case.

6.	It is not true, as is suggested by the Defendants, that Cellular South seeks an expedited schedule to remedy "conduct that took place in 2008." Doc. # 14 at ¶ 15. It is true that the unlawful conduct began in 2008, when the Defendants' engaged in concerted action to create a new Band 17 spectrum for AT&T's private use. But that was just the beginning. The unlawful conduct is continuing to this day and continues to deprive Cellular South of a fair ability to compete. Even now, the Defendants continue to work together to protect AT&T's dominance by denying Cellular South the essential devices and roaming capability that it must have to compete against AT&T in the wireless carrier market. *See id.* ¶¶ 13-22.

7.	Moreover, far more important than when the conduct began is that this litigation has been filed as a last resort in Cellular South's ongoing effort to avoid, or at least lessen, the impact of the Defendants' anticompetitive actions. As a matter of simple economics, full-scale antitrust litigation against companies with the tremendous financial resources of the Defendants should be undertaken, and has been undertaken, only after no business options or technological solutions can reasonably be utilized to respond effectively to the anticompetitive actions.

8.	It has now become clear, after many efforts to seek to develop alternative business and technological solutions that would allow Cellular South to avoid this litigation, that relief from this Court provides the only feasible way for Cellular South to deploy its Band 12 4G-LTE network on any schedule that may reduce, if not eliminate, the irreparable harm that is being suffered.

9.	Thus, there is no merit to the Defendants' implication that Cellular South somehow opportunistically timed the filing of this lawsuit. *See* Doc. # 14 at ¶ 15; Doc # 21 at 1-2. On the contrary, and as detailed in the Complaint, Cellular South has focused its efforts on attempting to mitigate the harm resulting from the Defendants' ongoing misconduct by building

4

out – at great additional expense – a limited network in select areas, on an entirely different frequency bandwidth, through which Cellular South should be able to provide adequate 4G-LTE service in those limited areas for the short term. *See* Compl. ¶¶ 23-25; Doc. # 10 at ¶ 6. Because this alternative bandwidth network cannot reasonably provide a long-term solution allowing for adequate 4G-LTE service throughout Cellular South's existing service area, Cellular South has filed this lawsuit seeking injunctive relief that will finally allow Cellular South to put its Band 12 spectrum to the good use for which it spent $192 million. *See* Doc. # 10 at ¶¶ 6-11.

10. The Defendants plainly have the ability and resources to prepare their responsive pleadings within the 44 days proposed by Cellular South – as underscored by the flurry of their orchestrated April 16 filings [Doc. # 14; Doc. # 19; Doc. # 20; Doc. # 21] just two business days after Cellular South served its Motion for Expedited Scheduling [Doc. # 10].

11. Moreover, the Defendants' assertions that they intend to devote the additional seven days sought to a "massive fact-gathering effort" in order "to respond to every allegation of the complaint" (Doc. # 19 at ¶ 3) is, at best, overstated. The Defendants almost certainly intend to respond to the Complaint with a raft of Rule 12(b) motions and thus will not serve answers at that time. Indeed, the Defendants reveal this clear intent with their repeated references to "a potential motion to dismiss the complaint" (Doc. # 14 at ¶ 11) and their "right to file 12(b)(6) and similar motions" (Doc. # 20 at ¶ 3). The Defendants therefore plainly seek the additional seven days – on top of the additional 23 days already proposed by Cellular South – not to "investigate any allegations" (Doc. # 14 at ¶ 11) or to conduct any "massive fact-gathering effort" (Doc. # 19 at ¶ 3), but simply to further polish motions to dismiss – no doubt well underway – that will assert a multitude of "jurisdictional challenges and/or Rule 12(b)(6) challenges" (Doc. # 20 at ¶ 2).

**ACCORDINGLY,** Cellular South respectfully requests that the Court first hear argument and rule on Cellular South's Motion for Expedited Scheduling and Case Management Conference and Other Relief before ruling on the Defendants' Motions for Extension, after which the Defendants' Motions for Extension should be denied.

April 18, 2012           Respectfully submitted,

          /s/ Alan W. Perry
Alan W. Perry, MSB #4127
Daniel J. Mulholland, MSB #3643
Walter H. Boone, MSB #8651
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
City Centre, Suite 200
200 South Lamar Street
Jackson, Mississippi 39201
Tel.: 601-969-7833
Fax: 601-960-8613
aperry@fpwk.com

Charles L. McBride, Jr., MSB #8995
M. Patrick McDowell, MSB # 9746
Joseph A. Sclafani, MSB #99670
Brian C. Kimball, MSB #100787
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Tel.: 601-960-6891
Fax: 601-960-6902
cmcbride@brunini.com

Walter T. Johnson, MSB #8712
WATKINS & EAGER PLLC
400 East Capitol Street, Suite 300 (39201)
P.O. Box 650
Jackson, MS 39205
Tel: 601-965-1900
Fax: 601-965-1901
wjohnson@watkineager.com

*Counsel for Plaintiffs Cellular South, Inc.,
Corr Wireless Communications, L.L.C. and
Cellular South Licenses, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 18, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF System, which sent notification of such filing to the following:

*Attorneys for Defendants AT&T, Inc. and AT&T Mobility LLC:*

David W. Upchurch
Holland, Ray, Upchurch & Hillen, P.A.
P.O. Drawer 409
Tupelo, MS 38802-0409

*Attorneys for Defendant Qualcomm Incorporated:*

L.F. Sams, Jr.
Otis R. Tims
Margaret Sams Gratz
Mitchell, McNutt & Sams, P.A.
P.O. Box 7120
Tupelo, MS 38802-7120

Cravath, Swaine & Moore LLP
825 8th Avenue
New York, NY 10019

  And I certify that I have mailed the forgoing by United States mail to the following non-ECF participant:

*Attorneys for Defendant Motorola Solutions, Inc.:*

Jim H. Greenlee
Holcomb Dunbar
400 South Lamar, Suite A
Oxford, MS 39655

        /s/ Alan W. Perry
        Alan W. Perry