UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CORR WIRELESS**
**COMMUNICATIONS, L.L.C.,**
**CELLULAR SOUTH, INC., and**
**CELLULAR SOUTH LICENSES, LLC**                              **PLAINTIFFS**

V.                                          **CIVIL ACTION NO. 3:12CV036**

**AT&T, INC., AT&T MOBILITY LLC,**
**MOTOROLA SOLUTIONS, INC.,**
**QUALCOMM INCORPORATED, and**
**JOHN DOES 1-10**                                                        **DEFENDANTS**

**REQUEST FOR JUDICIAL NOTICE OF MATTERS RELEVANT TO**
**DEFENDANT QUALCOMM INCORPORATED'S MOTION TO DISMISS**
**PLAINTIFFS' COMPLAINT**

Defendant Qualcomm Incorporated ("Qualcomm") hereby requests that the Court take judicial notice of the documents described below. Qualcomm makes this request pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited herein. Qualcomm's request is made in connection with its Motion to Dismiss ("Motion"). The documents in question are attached as exhibits to the Motion as follows:

| Exhibit | Description |
|---|---|
| Exhibit A | Auction of 700 MHz Band Licenses Schedule for January 24, 2008, AU Docket No. 07-157, *Public Notice*, 22 FCC Rcd 18141 (2007); |
| Exhibit B | Promoting Interoperability in the 700 MHz Commercial Spectrum, WT Docket No. 12-69, *Notice of Proposed Rulemaking*, adopted and released March 21, 2012; |
| Exhibit C | 700 MHz Mobile Equipment Capability, RM-11592, *Comments of Verizon Wireless*, March 31, 2010; |
| Exhibit D | "TS36.101: Lower 700 MHz Band 15", R4-081108, submitted by Motorola in connection with the 3GPP RAN 4 meeting held in Kansas City, Missouri, May 5-9, 2008, available at http://www.3gpp.org/ftp/tsg_ran/WG4_Radio/TSGR4_47/Docs/; |

Exhibit E      "Performance and coexistence issues in the Lower 700 MHz band", R4-081324, submitted by AT&T in connection with the 3GPP RAN 4 meeting in Munich, Germany, June 16-21, 2008, available at http://www.3gpp.org/ftp/tsg_ran/WG4_Radio/TSGR4_47bis/Docs/;

Exhibit F      "On the introduction of Band 15", R4-081356, submitted by Ericsson in connection with the 3GPP RAN 4 meeting held in Munich, Germany, June 16-20, 2008, available at http://www.3gpp.org/ftp/tsg_ran/WG4_Radio/TSGR4_47bis/Docs/;

Exhibit G      Phil Goldstein, *C Spire promises 'full suite' of LTE devices for September launch,* FierceWireless, April 2, 2012, available at http://www.fiercewireless.com/story/c-spire-promises-full-suite-lte-devices-september-launch/2012-04-02; and

Exhibit H      Complaint, *Cellular South, Inc. v. Samsung Telecomms. Am., LLC*, No. CI2011-cv-273 (Madison County, Miss. Cir. Ct., Aug. 1, 2011), ECF No. 1.

**BASIS FOR REQUESTING JUDICIAL NOTICE**

On a motion to dismiss for failure to state a claim upon which relief can be granted, a court is permitted to consider certain types of documents of which it may take judicial notice without converting the motion into one for summary judgment. To be subject to judicial notice, a matter must be one "not subject to reasonable dispute" in that it is generally known or capable of determination by resort to an unimpeachable source. Fed. R. Evid. 201(b). Rule 201(d) provides that the court "shall take judicial notice if requested by a party", so long as the court is "supplied with the necessary information" to show that the matter is subject to judicial notice. Rule 201(f) provides that judicial notice may be taken at any stage of the proceedings. As explained below, each of the above-listed documents satisfies the criteria for judicial notice as well as for consideration on a 12(b)(6) motion.[1] Accordingly, Qualcomm asks the Court to

---

[1] The subject documents are authenticated by the Declaration of L. F. Sams, Jr., which Qualcomm has attached to its Motion as Exhibit I.

1018238-1      2

take judicial notice of those documents and to consider them in connection with Qualcomm's Motion.

*Exhibits A through C*. A court is permitted to take judicial notice of a parallel FCC proceeding and the issues the FCC wishes to resolve. *See DePriest v. Harmer*, No. 10-cv-177, 2011 WL 2447673, at *1 (N.D. Miss. Jun. 15, 2011). A court is also permitted to take judicial notice of matters of public record generally and consider such matters on a motion to dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Thus, the Court may take judicial notice of these public-record documents related to FCC proceedings.

*Exhibits D through F*. A court may take judicial notice of, and consider on a motion to dismiss, "documents that a defendant attaches to a motion to dismiss . . . [that] are referred to in the plaintiff's complaint and are central to [its] claim". *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *U. S. ex rel Graves v. ITT Educational Services, Inc.*, 284 F. Supp. 2d 487, 492 n.2 (S.D. Tex. 2003) (taking judicial notice of such documents, citing *Collins*). Exhibits D through F are referred to in the Complaint and are central to the claim, which is premised on the allegation of collusion in 3GPP's standards-setting activities. (*See* Compl. ¶¶ 181, 183, 184.) In addition, since the plaintiffs refer to the documents, their reliability is "not subject to reasonable dispute". *See* Fed. R. Evid. 201(b).

*Exhibit G*. Courts may take judicial notice of newspaper articles. *See United States ex rel Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006). Thus, the Court may take notice of this electronically published article. Moreover, there does not seem to be any dispute that Cellular South/C Spire did in fact represent that it will provide a "full suite" of 4G-LTE devices beginning in September of 2012. Indeed, Qualcomm's counsel mentioned that representation at the hearing on the plaintiffs' motion to expedite the proceedings without

1018238-1                                3

challenge from the plaintiffs' counsel. (Transcript of May 3, 2012 hearing [Exhibit K to Qualcomm's Motion] at 59-60, 84-92.)

*Exhibit H*. A court is permitted to take judicial notice of proceedings in other courts and documents filed therein. *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 831 (5th Cir. 1998); *Carter v. Epps*, No. 07CV79, 2008 WL 623403, at *2 (N.D. Miss. Mar. 3, 2008) (noting that "federal courts can consider public records from other proceeding[s] without the necessity of converting a 12(b)(6) motion to a summary judgment motion"). Therefore, the court should take judicial notice of this document filed by plaintiff Cellular South, Inc. in a state-court proceeding.

For the foregoing reasons, the Court may properly take judicial notice of Exhibits A through H to the Motion and may properly consider those documents in ruling on Qualcomm's Motion without treating it as one for summary judgment. However, in the event the Court is not persuaded that it may properly consider the documents in connection with a 12(b)(6) motion, Qualcomm requests that the court not consider the documents rather than converting the Motion to one for summary judgment.

Dated: May 23, 2012                    /s/ L. F. Sams, Jr.

                                      L. F. Sams, Jr. (MSB #6426)
                                      Otis R. Tims (MSB #8221)
                                        Margaret Sams Gratz (MSB #99231)
                                        MITCHELL MCNUTT & SAMS, P.A.
                                            P.O. Box 7120
                                               Tupelo, MS 38802
                                                   (662) 842-3871
                                                         ssams@mitchellmcnutt.com
                                                         otims@mitchellmcnutt.com
                                                         mgratz@mitchellmcnutt.com

                                      Roger G. Brooks
                                      Yonatan Even
                                      CRAVATH, SWAINE & MOORE LLP
                                          Worldwide Plaza
                                             825 Eighth Avenue
                                                New York, NY 10019
                                                    (212) 474-1000
                                                            rgbrooks@cravath.com
                                                           yeven@cravath.com

                                      *Attorneys for Defendant Qualcomm Incorporated*

**CERTIFICATE OF SERVICE**

I, L. F. Sams, Jr., one of the attorneys for defendant Qualcomm Incorporated, hereby certify that I have electronically filed the foregoing Request for Judicial Notice with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

*Attorneys for Plaintiffs:*

Alan W. Perry
Daniel J. Mulholland
Water H. Boone
Forman Perry Watkins Krutz & Tardy, LLP
City Centre, Suite 200
200 South Lamar Street
Jackson, MS 39201

Charles L. McBride, Jr.
M. Patrick McDowell
Joseph A. Sclafani
Brian C. Kimball
Brunini Grantham Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, MS 39201

Walter T. Johnson
Watkins & Eager, LLC
P. O. Box 650
Jackson, MS 39205

*Attorney for Defendants AT&T, Inc. and AT&T Mobility, LLC:*

Aaron M. Panner
Kenneth M. Fetterman
Michael K. Kellogg
William J. Rinner
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M Street NW, Suite 400
Washington State, DC 20036

David W. Upchurch
Holland Ray Upchurch and Hillen
P. O. Drawer 409
Tupelo, MS 38802-0409
*Attorneys for Defendant Motorola Solutions, Inc.:*

Chahira Solh
John S. Gibson
Jason C. Murray
Crowell & Moring, LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614

Jim Ming Greenlee
James D. Johnson
Holcomb Dunbar – Oxford
Post Office Box 707
Oxford, MS 38655-0707

    This the 23d day of May, 2012.

                                  /s/ L.F. Sams, Jr.
                                  L. F. Sams, Jr.