**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

| | |
|---|---|
| CORR WIRELESS COMMUNICATIONS, L.L.C., CELLULAR SOUTH, INC., and CELLULAR SOUTH LICENSES, LLC | PLAINTIFFS |
| V. | CIVIL ACTION NO. 3:12CV036 |
| AT&T, INC., AT&T MOBILITY LLC, MOTOROLA SOLUTIONS, INC., MOTOROLA MOBILITY, QUALCOMM INCORPORATED, and JOHN DOES 1-10 | DEFENDANTS |

**SUPPLEMENTAL REQUEST FOR JUDICIAL NOTICE OF MATTERS RELEVANT TO DEFENDANT QUALCOMM INCORPORATED'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Defendant Qualcomm Incorporated ("Qualcomm") hereby makes a supplemental request that the Court take judicial notice of the documents described below. Qualcomm makes this request pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited herein. Qualcomm's request is made in connection with its Motion to Dismiss ("Motion"). The documents in question are attached as exhibits to the Reply Memorandum of Law In Support of Defendant Qualcomm Incorporated's Motion to Dismiss Plaintiffs' Complaint ("Reply") as follows:

| Exhibit | Description |
|---|---|
| Exhibit L | Ex Parte Letter from Verizon to Rick Kaplan, Chief, Wireless Telecommunications Bureau, *Application of Cellco Partnership d/b/a Verizon Wireless and SpectrumCo, LLC for Consent to Assign Licenses and Application of Cellco Partnership d/b/a Verizon Wireless and Cox TMI Wireless, LLC for Consent to Assign Licenses*, WT Docket No. 12-4 (May 22, 2012). |
| Exhibit M | *In the Matter of Promoting Interoperability in the 700 MHz Commercial Spectrum*, WT Docket No. 12-69, Comments of Qualcomm Incorporated (June 1, 2012). |

Exhibit N    Press Release, U.S. Cellular, *U.S. Cellular Customers Getting the Samsung Galaxy S III in July* (June 4, 2012), *available at* http://www.uscellular.com/about/press-room/2012/USCELLULAR-CUSTOMERS-GETTING-THE-SAMSUNG-GALAXY-S-III-IN-JULY.html.

Exhibit O    Charles F. Ellis, PE, *Analysis of Interference to LTE Cellular Base Stations From Adjacent Channel Digital Television System WWJX, Jackson, MS* (Dec. 24, 2010), attached to Supplement to Petition for Rulemaking of George S. Flinn, Jr., RM-11618 (Dec. 29, 2010).

## BASIS FOR REQUESTING JUDICIAL NOTICE

On a motion to dismiss for failure to state a claim upon which relief can be granted, a court is permitted to consider certain types of documents of which it may take judicial notice without converting the motion into one for summary judgment. To be subject to judicial notice, a matter must be one "not subject to reasonable dispute" in that it is generally known or capable of determination by resort to an unimpeachable source. Fed. R. Evid. 201(b). Rule 201(d) provides that the court "shall take judicial notice if requested by a party", so long as the court is "supplied with the necessary information" to show that the matter is subject to judicial notice. Rule 201(f) provides that judicial notice may be taken at any stage of the proceedings. As explained below, each of the above-listed documents satisfies the criteria for judicial notice as well as for consideration on a 12(b)(6) motion.[1] Accordingly, Qualcomm asks the Court to take judicial notice of those documents and to consider them in connection with Qualcomm's Motion.

*Exhibits L, M, and O*. A court is permitted to take judicial notice of a parallel FCC proceeding and the issues the FCC wishes to resolve. *See DePriest v. Harmer*, No. 10-cv-177, 2011 WL 2447673, at *1 (N.D. Miss. Jun. 15, 2011). A court is also permitted to take judicial

---

[1] The subject documents are authenticated by the Second Declaration of L. F. Sams, Jr., which Qualcomm has attached to its Reply Memorandum of Law In Support of Defendant Qualcomm Incorporated's Motion to Dismiss Plaintiffs' Complaint ("Reply") as Exhibit P.

notice of matters of public record generally and consider such matters on a motion to dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Thus, the Court may take judicial notice of these public-record documents related to FCC proceedings.

  *Exhibit N*. Courts may take judicial notice of newspaper articles. *See United States ex rel Lam v. Tenet Healthcare Corp.*, 481 F. Supp. 2d 673, 680 (W.D. Tex. 2006). Thus, the Court may take judicial notice of the this electronically published press release.

  For the foregoing reasons, the Court may properly take judicial notice of Exhibits L through O to the Reply and may properly consider those documents in ruling on Qualcomm's Motion without treating it as one for summary judgment. However, in the event the Court is not persuaded that it may properly consider the documents in connection with a 12(b)(6) motion, Qualcomm requests that the court not consider the documents rather than converting the Motion to one for summary judgment.

Dated:  June 27, 2012         /s/ L. F. Sams, Jr.

              L. F. Sams, Jr. (MSB #6426)
              Otis R. Tims (MSB #8221)
              Margaret Sams Gratz (MSB #99231)
              MITCHELL MCNUTT & SAMS, P.A.
               P.O. Box 7120
                Tupelo, MS 38802
                 (662) 842-3871
                  ssams@mitchellmcnutt.com
                  otims@mitchellmcnutt.com
                  mgratz@mitchellmcnutt.com

              Roger G. Brooks
              Yonatan Even
              CRAVATH, SWAINE & MOORE LLP
               Worldwide Plaza
                825 Eighth Avenue
                 New York, NY 10019
                  (212) 474-1000
                   rgbrooks@cravath.com
                   yeven@cravath.com

              *Attorneys for Defendant Qualcomm Incorporated*

**CERTIFICATE OF SERVICE**

I, L. F. Sams, Jr., one of the attorneys for defendant Qualcomm Incorporated, hereby certify that I have electronically filed the foregoing Supplemental Request for Judicial Notice with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

*Attorneys for Plaintiffs:*

Alan W. Perry
Daniel J. Mulholland
Water H. Boone
Forman Perry Watkins Krutz & Tardy, LLP
City Centre, Suite 200
200 South Lamar Street
Jackson, MS 39201

Charles L. McBride, Jr.
M. Patrick McDowell
Joseph A. Sclafani
Brian C. Kimball
Brunini Grantham Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, MS 39201

Walter T. Johnson
Watkins & Eager, LLC
P. O. Box 650
Jackson, MS 39205

*Attorney for Defendants AT&T, Inc. and AT&T Mobility, LLC:*

Aaron M. Panner
Kenneth M. Fetterman
Michael K. Kellogg
William J. Rinner
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M Street NW, Suite 400
Washington, DC 20036

David W. Upchurch
Holland Ray Upchurch and Hillen
P. O. Drawer 409
Tupelo, MS 38802-0409

*Attorneys for Defendant Motorola Solutions, Inc.:*

Chahira Solh
John S. Gibson
Jason C. Murray
Crowell & Moring, LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614

Jim Ming Greenlee
James D. Johnson
Holcomb Dunbar – Oxford
Post Office Box 707
Oxford, MS 38655-0707

    This the 27th day of June, 2012.

                                                /s/ L.F. Sams, Jr.
                                               L. F. Sams, Jr.