**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CORR WIRELESS
COMMUNICATIONS, L.L.C.,
CELLULAR SOUTH, INC., and
CELLULAR SOUTH LICENSES, LLC**          **PLAINTIFFS**

**VS.**          **CIVIL ACTION NO. 3:12-cv-036-SA-SAA**

**AT&T, INC., AT&T MOBILITY LLC,
MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
QUALCOMM INCORPORATED, and
JOHN DOES 1-10**          **DEFENDANTS**

## MOTION TO AMEND COMPLAINT

Plaintiffs Corr Wireless Communications, L.L.C., Cellular South, Inc. and Cellular South Licenses, LLC (collectively, Cellular South) submit this Motion to Amend Complaint and seek to file a Second Amended and Supplemental Complaint against AT&T, Inc., AT&T Mobility LLC, Motorola Solutions, Inc., Motorola Mobility, Inc. (collectively, Motorola), Qualcomm Incorporated, and John Does 1-10 (collectively, Defendants).[1] A true and correct copy of Cellular South's proposed Second Amended and Supplemental Complaint is attached as Exhibit 1.

Federal Rule of Civil Procedure 15(a) expressly provides that "[t]he court should freely give leave [to amend] when justice so requires." "Rule 15(a) expresses a strong presumption in favor of liberal pleading . . . ." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997) (emphasis added) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Additionally, courts have recognized that allowing amendment "is especially advisable when such permission is

---

[1] Cellular South amended its Complaint once as of right in order to correct minor technical points and to add references to matters that had occurred since the original Complaint was filed.

sought after the dismissal of the first complaint." *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). "Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Id.*

In *Foman v. Davis*, the Supreme Court set forth the criteria for determining whether a court should grant leave to amend a complaint and held as follows:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

371 U.S. at 182 (emphasis added). The Fifth Circuit Court of Appeals has time and again reinforced the liberal standard set forth in *Foman* for determining whether to grant or deny a motion to amend. *See, e.g.*, *United States ex rel. Willard. v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 386-87 (5th Cir. 2003) (noting that leave to amend "should be granted absent some justification for refusal").

Accordingly, Cellular South's Motion to Amend under FED. R. CIV. P. 15(a) should be granted if there is no finding of: (1) undue delay, bad faith, or dilatory motive; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the Defendants by virtue of allowing the amendment; or (4) futility.

First, Cellular South's Motion to Amend is not made for purposes of undue delay, in bad faith, or with dilatory motive. It cannot be disputed that Cellular South has sought expeditious review throughout these proceedings. Cellular South requests leave to amend its Complaint in a candid effort to cure pleading deficiencies identified by the Court. Second, there has not been "repeated failure to cure deficiencies by amendments previously allowed." This is the first time

Cellular South has sought to amend its Complaint following the Court's Memorandum Opinion, which identified pleading deficiencies. Third, Defendants cannot show that allowing Cellular South to amend its Complaint will cause them "undue prejudice." Last, allowing Cellular South an opportunity to amend its Complaint would not be futile. As explained in detail in the Cellular South's Memorandum in Support of this Motion to Amend, Cellular South's proposed Second Amended and Supplemental Complaint sets forth additional factual allegations addressing the perceived deficiencies identified by the Court in its Memorandum Opinion. The Second Amended and Supplemental Complaint alleges facts which demonstrate that Defendants' claims of interference were false and that Defendants' actions at 3GPP violated the spirit of 3GPP's rules. Accordingly, there is no apparent reason or substantial justification to deny Cellular South's Motion to Amend.

Moreover, it is apparent that there is uncertainty in the courts as to the level of specificity required for pleading a claim under the standard set forth in *Twombly*. As a result of this uncertainty, courts should, in situations such as the one at hand, allow a party whose pleading is dismissed based on the *Twombly* pleading standard an opportunity to amend after the court has made its decision. *See, e.g.*, *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) ("In applying Rule 15(a), the uncertainty in pleading standards resulting from the Supreme Court's decisions in *Iqbal* and *Twombly* also provides powerful reasons to give parties a reasonable opportunity to cure defects identified by a district court.").

## CONCLUSION

The Federal Rules of Civil Procedure and precedent of the Supreme Court and Federal Courts of Appeals make clear that leave to amend should be freely given. Additionally, there is no apparent reason or substantial justification for the Court to deny Cellular South's Motion to

Amend. Cellular South seeks leave to plead facts necessary to remedy the deficiencies in its First Amended and Supplemental Complaint, perceived by the Court in its Memorandum Opinion. Finally, the uncertainty that exists in the wake of *Twombly* and *Iqbal* weighs heavily in favor of granting Cellular South's Motion to Amend. For these reasons, the Court should grant Cellular South leave to file its Second Amended and Supplemental Complaint.

Dated: October 1, 2012.

                                                      Respectfully submitted,

                                                       s/ Walter H. Boone
                                                      Alan W. Perry, MSB #4127
Daniel J. Mulholland, MSB #3643
Walter H. Boone, MSB #8651
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
City Centre, Suite 200
200 South Lamar Street
Jackson, Mississippi 39201
Tel.: 601-969-7833
Fax: 601-960-8613
aperry@fpwk.com

Charles L. McBride, Jr., MSB #8995
M. Patrick McDowell, MSB # 9746
Joseph A. Sclafani, MSB #99670
Brian C. Kimball, MSB #100787
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Tel.: 601-960-6891
Fax: 601-960-6902
cmcbride@brunini.com

Walter T. Johnson, MSB#8712
WATKINS & EAGER PLLC
400 East Capitol Street, Suite 300 (39201)
P. O. Box 650
Jackson, MS 39205
Phone: 601-965-1900
Fax: 601- 965-1901
wjohnson@watkinseager.com

4

*Counsel for Plaintiffs Corr Wireless*
*Communications, L.L.C., Cellular South, Inc., and*
*Cellular South Licenses, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2012, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

***Attorneys for Defendants AT&T Mobility LLC, and AT&T, Inc.***

David W. Upchurch
Holland Ray Upchurch and Hillen
P.O. Drawer 409
Tupelo, MS 38802-0409
dwu@hruhpa.com

Michael K. Kellogg (PHV)
William J. Rinner (PHV)
Kenneth M. Fetterman (PHV)
Aaron M. Panner (PHV)
Kellogg, Huber, Hansen, Todd, Evans & Figel P.L.L.C.
1615 M. Street NW, Suite 400
Washington, D.C. 20036
mkellogg@khhte.com
wrinner@khhte.com
kfetterman@khhte.com
apanner@khhte.com

***Attorneys for Defendant Qualcomm Incorporated***

L.F. Sams, Jr.
Margaret Sams Gratz
Otis R. Tims
Mitchell McNutt & Sams, P.A.
P.O. Box 7120
Tupelo, MS 38802
ssams@mitchellmcnutt.com
mgratz@mitchellmcnutt.com
otims@mitchellmcnutt.com

Yonatan Even (PHV)
Roger G. Brooks (PHV)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, New York 10019
yeven@cravath.com
rgbrooks@cravath.com

*__Attorneys for Defendant Motorola Mobility, Inc.__*

Jim M. Greenlee
James D. Johnson
Holcomb, Dunbar, Watts, Best, Masters & Golmon
400 S. Lamar, Ste. A
P.O. Drawer 707
Oxford, MS 38655
jgreenlee@holcombdunbar.com
jdjohnson@holcombdunbar.com

John S. Gibson (PHV)
Chahira Solh (PHV)
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
jgibson@crowell.com
csolh@crowell.com

Jason C. Murray (PHV)
Crowell & Moring LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
jmurray@crowell.com

THIS, the 1st day of October, 2012.

        /s/ Walter H. Boone_____