UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CORR WIRELESS**
**COMMUNICATIONS, L.L.C.,**
**CELLULAR SOUTH, INC., and**
**CELLULAR SOUTH LICENSES, LLC**     **PLAINTIFFS**

V.     **CIVIL ACTION NO. 3:12CV036**

**AT&T, INC., AT&T MOBILITY LLC,**
**MOTOROLA SOLUTIONS, INC.,**
**MOTOROLA MOBILITY,**
**QUALCOMM INCORPORATED, and**
**JOHN DOES 1-10**     **DEFENDANTS**

**DEFENDANT QUALCOMM INCORPORATED'S RESPONSE**
**IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE**
**TO FILE A SECOND AMENDED COMPLAINT**

Defendant Qualcomm Incorporated ("Qualcomm") hereby submits this Response in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint.

1. Plaintiffs have had multiple opportunities in which to allege facts sufficient to show an entitlement to relief—in an Amended Complaint filed after Defendants filed motions to dismiss, and at the oral argument on Defendants' motions to dismiss—and this Court held that the Plaintiffs did not, despite these opportunities, state a claim upon which relief may be granted. In so holding, this Court pointed to multiple specific and repeated shortcomings in the Plaintiffs' allegations.

2. Plaintiffs are now seeking leave to file a Second Amended Complaint. Leave to amend may be denied where amendment would be futile because the proposed amended complaint fails to state a claim. *See In re Southmark Corp.*, 88 F.3d 311, 314-15 (5th Cir. 1996). But the Plaintiffs' proposed Second Amended Complaint cures none of the deficiencies identified by this Court; instead it rehashes old allegations that have been extensively briefed,

considered and rejected by this Court, and raises "new" allegations that are based on information that has been publicly available for several years and are also completely insufficient to show any plausible entitlement to relief.

3. For example, the proposed Second Amended Complaint still does not make plausible allegations of an agreement among the Defendants. It completely fails to identify "who" entered into any such alleged agreement, "when" such an agreement was entered, and "what" any agreement entailed. In addition, Plaintiffs' "new" allegations regarding 3GPP at the time Band 17 was created do not show any violation of the antitrust laws, including under *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492 (1988). Instead, the Plaintiffs' allegations regarding 3GPP are really an improper attempt to relitigate this Court's prior interpretation and application of *Allied Tube*. Lastly, the remaining "new" allegations in Plaintiffs' proposed Second Amended Complaint fail to show that Qualcomm's technical concerns regarding Band 17 were pretextual.

4. Consequently, the proposed Second Amended Complaint fails to state a claim and would therefore be a futile attempt to seek relief from this Court.

5. In support of this Response, Qualcomm relies on the arguments and authorities set forth in the accompanying Memorandum of Law in Support and the materials attached to this Response as Exhibits A through D:

| Exhibit | Description |
| --- | --- |
| Exhibit A | 3GPP Working Procedures (April 23, 2010), available at www.3gpp.org/ftp/Information/Working_Procedures/3GPP_WP.pdf. |
| Exhibit B | In the Matter of Petition for Rulemaking Regarding 700 MHz Band Mobile Equipment Design and Procurement Practices, Docket No. RM-11592, *Comments of Qualcomm Incorporated*, March 31, 2010. |
| Exhibit C | Declaration of L. F. Sams, Jr. |
| Exhibit D | Partial transcript of hearing of July 17, 2012 in this action. |

6. Additionally, Qualcomm relies upon and incorporates by reference the Responses in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint and supporting briefs of co-Defendants.

WHEREFORE, the Court should deny Plaintiffs' Motion for Leave to File a Second Amended Complaint and enter judgment in favor of the Defendants.

Dated: October 18, 2012  /s/ L. F. Sams, Jr.

L. F. Sams, Jr. (MSB #6426)
Otis R. Tims (MSB #8221)
Margaret Sams Gratz (MSB #99231)
MITCHELL MCNUTT & SAMS, P.A.
   P.O. Box 7120
      Tupelo, MS 38802
         (662) 842-3871
            ssams@mitchellmcnutt.com
            otims@mitchellmcnutt.com
            mgratz@mitchellmcnutt.com

Roger G. Brooks
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
   Worldwide Plaza
      825 Eighth Avenue
         New York, NY 10019
            (212) 474-1000
               rgbrooks@cravath.com
               yeven@cravath.com

*Attorneys for Defendant Qualcomm Incorporated*

**CERTIFICATE OF SERVICE**

  I, L. F. Sams, Jr., one of the attorneys for defendant Qualcomm Incorporated, hereby certify that I have electronically filed the foregoing Response in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

*Attorneys for Plaintiffs:*

Alan W. Perry
Daniel J. Mulholland
Water H. Boone
Forman Perry Watkins Krutz & Tardy, LLP
City Centre, Suite 200
200 South Lamar Street
Jackson, MS 39201

Charles L. McBride, Jr.
M. Patrick McDowell
Joseph A. Sclafani
Brian C. Kimball
Brunini Grantham Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, MS 39201

Walter T. Johnson
Watkins & Eager, LLC
P. O. Box 650
Jackson, MS 39205

*Attorneys for Defendants AT&T, Inc. and AT&T Mobility, LLC:*

Aaron M. Panner
Kenneth M. Fetterman
Michael K. Kellogg
William J. Rinner
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M Street NW, Suite 400
Washington, DC 20036

David W. Upchurch
Holland Ray Upchurch and Hillen
P. O. Drawer 409
Tupelo, MS 38802-0409

*Attorneys for Defendant Motorola Solutions, Inc.:*

Chahira Solh
John S. Gibson
Jason C. Murray
Crowell & Moring, LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614

Jim Ming Greenlee
James D. Johnson
Holcomb Dunbar – Oxford
Post Office Box 707
Oxford, MS 38655-0707

    This the 18th day of October, 2012.

                                                 /s/ L.F. Sams, Jr.
                                                 L. F. Sams, Jr.