UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CORR WIRELESS**
**COMMUNICATIONS, L.L.C.,**
**CELLULAR SOUTH, INC., and**
**CELLULAR SOUTH LICENSES, LLC**                                           **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO. 3:12CV036**

**AT&T, INC., AT&T MOBILITY LLC,**
**MOTOROLA SOLUTIONS, INC.,**
**MOTOROLA MOBILITY,**
**QUALCOMM INCORPORATED, and**
**JOHN DOES 1-10**                                                     **DEFENDANTS**

**DEFENDANT QUALCOMM INCORPORATED'S REQUEST FOR JUDICIAL NOTICE OF MATTERS RELEVANT TO QUALCOMM'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Defendant Qualcomm Incorporated ("Qualcomm") hereby makes this request that the Court take judicial notice of the documents described below. Qualcomm makes this request pursuant to Rule 201 of the Federal Rules of Evidence and the authorities cited herein. Qualcomm's request is made in connection with its Response in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint ("Response"). The documents in question are attached as exhibits to the Response as follows:

| Exhibit | Description |
|---|---|
| Exhibit A | 3GPP Working Procedures (April 23, 2010), available at www.3gpp.org/ftp/Information/Working_Procedures/3GPP_WP.pdf. |
| Exhibit B | In the Matter of Petition for Rulemaking Regarding 700 MHz Band Mobile Equipment Design and Procurement Practices, Docket No. RM-11592, *Comments of Qualcomm Incorporated*, March 31, 2010. |

**BASIS FOR REQUESTING JUDICIAL NOTICE**

A court is permitted to consider certain types of documents of which it may take judicial notice when it decides a motion for leave to file an amended complaint, including when

it decides whether leave to amend should be denied because a complaint fails to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(6). To be subject to judicial notice, a matter must be one "not subject to reasonable dispute" in that it is generally known or capable of determination by resort to an unimpeachable source. Fed. R. Evid. 201(b). Rule 201(d) provides that the court "shall take judicial notice if requested by a party", so long as the court is "supplied with the necessary information" to show that the matter is subject to judicial notice. Rule 201(f) provides that judicial notice may be taken at any stage of the proceedings. As explained below, both of the above-listed documents satisfy the criteria for judicial notice as well as for consideration on a motion for leave to file an amended complaint and a 12(b)(6) motion.[1] Accordingly, Qualcomm asks the Court to take judicial notice of those documents and to consider them in connection with Qualcomm's Response.

*Exhibits A and B.* A court is permitted to take judicial notice of a parallel FCC proceeding and the issues the FCC wishes to resolve. *See DePriest v. Harmer*, No. 10-cv-177, 2011 WL 2447673, at *1 (N.D. Miss. June 15, 2011). A court is also permitted to take judicial notice of matters of public record generally and consider such matters on a motion to dismiss. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This Court may therefore take judicial notice of Exhibit A, as it is in the public record and not subject to reasonable dispute. This Court may also take judicial notice of Exhibit B; it is in the public record in the parallel FCC proceeding, and there can be no reasonable dispute that Qualcomm made the statements contained in Exhibit B (the purpose for which it is attached and referenced).

---

[1] The subject documents are authenticated by the Declaration of L. F. Sams, Jr., which Qualcomm has attached to its Response in Opposition to Plaintiffs' Motion for Leave to File a Second Amended Complaint as Exhibit C.

For the foregoing reasons, the Court may properly take judicial notice of Exhibits A and B to the Response and may properly consider those documents in ruling on Cellular South's Motion for Leave to Amend. However, in the event the Court is not persuaded that it may properly consider the documents, Qualcomm requests that the court not consider the documents.

Dated: October 18, 2012          /s/ L. F. Sams, Jr.

                         L. F. Sams, Jr. (MSB #6426)
                         Otis R. Tims (MSB #8221)
                         Margaret Sams Gratz (MSB #99231)
                         MITCHELL MCNUTT & SAMS, P.A.
                              P.O. Box 7120
                                 Tupelo, MS 38802
                                   (662) 842-3871
                                       ssams@mitchellmcnutt.com
                                       otims@mitchellmcnutt.com
                                       mgratz@mitchellmcnutt.com

                         Roger G. Brooks
                         Yonatan Even
                         CRAVATH, SWAINE & MOORE LLP
                              Worldwide Plaza
                                 825 Eighth Avenue
                                   New York, NY 10019
                                     (212) 474-1000
                                        rgbrooks@cravath.com
                                       yeven@cravath.com

                         *Attorneys for Defendant Qualcomm Incorporated*

## **CERTIFICATE OF SERVICE**

I, L. F. Sams, Jr., one of the attorneys for defendant Qualcomm Incorporated, hereby certify that I have electronically filed the foregoing Request for Judicial Notice with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

*Attorneys for Plaintiffs:*

Alan W. Perry
Daniel J. Mulholland
Water H. Boone
Forman Perry Watkins Krutz & Tardy, LLP
City Centre, Suite 200
200 South Lamar Street
Jackson, MS 39201

Charles L. McBride, Jr.
M. Patrick McDowell
Joseph A. Sclafani
Brian C. Kimball
Brunini Grantham Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, MS 39201

Walter T. Johnson
Watkins & Eager, LLC
P. O. Box 650
Jackson, MS 39205

*Attorneys for Defendants AT&T, Inc. and AT&T Mobility, LLC:*

Aaron M. Panner
Kenneth M. Fetterman
Michael K. Kellogg
William J. Rinner
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M Street NW, Suite 400
Washington, DC 20036

David W. Upchurch
Holland Ray Upchurch and Hillen
P. O. Drawer 409
Tupelo, MS 38802-0409

*Attorneys for Defendant Motorola Solutions, Inc.:*

Chahira Solh
John S. Gibson
Jason C. Murray
Crowell & Moring, LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614

Jim Ming Greenlee
James D. Johnson
Holcomb Dunbar – Oxford
Post Office Box 707
Oxford, MS 38655-0707

    This, the 18th day of October, 2012        /s/ L.F. Sams, Jr.

                                                                    L. F. Sams, Jr.