**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**


| | |
|---|---|
| **CORR WIRELESS COMMUNICATIONS, L.L.C., CELLULAR SOUTH, INC., and CELLULAR SOUTH LICENSES, LLC** | **PLAINTIFFS** |
| **V.** | **CIVIL ACTION NO. 3:12CV036** |
| **AT&T, INC., AT&T MOBILITY LLC, MOTOROLA SOLUTIONS, INC., QUALCOMM INCORPORATED, and JOHN DOES 1-10** | **DEFENDANTS** |


**DEFENDANT QUALCOMM INCORPORATED'S REPLY**
**BRIEF IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE**
**OF MATTERS RELEVANT TO ITS RESPONSE IN OPPOSITION TO**
**MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

In opposing Qualcomm's Request for Judicial Notice of the 3GPP Working

Procedures and Qualcomm's Comments in response to the FCC's Interoperability Petition,

Cellular South[1] does not argue that these documents are not matters of public record or that they

are "subject to reasonable dispute" within the meaning of Fed. R. Evid. 201(b).  In fact, Cellular

South concedes the authenticity of the documents.  Cellular South's opposition to the Request is

instead based on the contention that Qualcomm is asking this Court to take judicial notice of the

truth of the contents of the documents and that judicial notice is not permissible for such

purpose.  For the reasons set forth below, Cellular South's opposition is without merit, and this

Court may take judicial notice of the documents and consider them in determining whether to

permit the filing of the proposed Second Amended Complaint.

---

[1] We refer to the plaintiffs collectively as "Cellular South".

1083234

**1. 3GPP Working Rules**

Cellular South admits that the 3GPP Working Procedures "may" be judicially noticed for "what they say". *See* Pls.' Opp'n to Def. Qualcomm's Request for Judicial Notice ("CS Opp'n"), at 4, ECF No. 118. Cellular South argues, however, that the contents of the 3GPP Working Procedures have no relevance to the Motion for Leave unless this Court takes judicial notice of truth of the contents of the document, and that such use is not permissible. *Id.* However, a specific statement within a document, as well as the authenticity of the document itself, may be judicially noticed if the statement is "not subject to reasonable dispute". Cellular South's response does not dispute that the document provided as Exhibit A to Qualcomm's Response in Opposition to Cellular South's Motion for Leave to Amend, ECF No. 111, is a true and correct copy of the published Working Procedures of 3GPP. Consequently, this Court, presented with a document that is conceded to be an authentic statement of 3GPP Working Procedures, can certainly find that it is not subject to reasonable dispute that a particular rule stated therein—such as the rule that each member company is entitled to only one vote—is actually a rule of procedure followed by 3GPP in its standards-setting process.

Cellular South relies principally on *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015 (5th Cir. 1996). *Lovelace* held that, while the court, in ruling on a 12(b)(6) motion, could take judicial notice of SEC filings for proof that certain statements were or were not made in such filings, the court could not take judicial notice of the truth of statements contained in the filings in order to resolve a disputed fact. *Lovelace*, 78 F.3d at 1018. That holding is not remarkable, because the truth of statements contained in an SEC filing could still be "reasonably subject to dispute". However, *Lovelace* and the other cases cited by Cellular South that rely on *Lovelace* are of no help to Cellular South, because, in contrast to statements in SEC filings, the 3GPP rules are not statements that are true or false, but rather are statements of policy. They

2

have no substance beyond "what they say", and they do not purport to "prove" or "disprove" any fact. Accordingly, Qualcomm is not offering the document to prove the "truth" of the rules, but rather that such rules are in place, and it is not reasonably subject to dispute that 3GPP rules permit each member company only one vote regardless of the number of representatives it has present.

Furthermore, the undisputed existence of this "one member, one vote" rule is relevant because it tends to make the allegation that the defendants manipulated the standards-setting process implausible, and it establishes that this case is not analogous to *Allied Tube*, as Cellular South argues. Cellular South relies on *Allied Tube* in the proposed Second Amended Complaint for the argument that their allegations permit a plausible inference that the 3GPP proceedings were manipulated to create Band 17. *See* Mem. of Law in Supp. of Pls.' Mot. for Leave, at 10, ECF No. 106. But putting aside the fact that Cellular South has not alleged that the defendants engaged in vote-packing as was done in *Allied Tube*, the 3GPP rule that members have only one vote makes it implausible that any company could have "packed" meetings even if it tried to. *See* Def. Opp'n to Pls.' Mot. for Leave ("QC Opp'n"), at 11-12, 12 n.3, ECF No. 112. This Court may therefore take judicial notice of the 3GPP Working Procedures in connection with Qualcomm's Opposition to Leave to Amend.

**2. Qualcomm's Petition Comments**

As to Qualcomm's Comments in response to the Interoperability Petition, Cellular South opposes judicial notice by arguing that Qualcomm seeks to use the statements made in its Comments to disprove Cellular South's allegations that interference does not exist. *See* CS Opp'n at 5. But Qualcomm is not seeking to use the Comments for that purpose. Rather, the portion of the Comments cited in Qualcomm's brief opposing Cellular South's Motion for Leave to Amend is offered to show the lack of plausibility of Cellular South's assertion that

1083234

3

Qualcomm's decision to produce Band 12 chips supports an inference that interference concerns expressed by Qualcomm were pretextual rather than sincere. Cellular South's inference depends on the assumption that Qualcomm would only undertake to produce Band 12 chips if they would not be subject to interference. *See* QC Opp'n at 21 n.11. Cellular South's inference is rendered implausible by the fact that Qualcomm did not previously contend either that Band 12 devices could not be produced or that Band 12 chips would be interference-free. That implausibility is demonstrated by, among other things, Qualcomm's statements in the Comments, in which Qualcomm acknowledged that Band 12 devices *could* be produced with the use of wider filters, but nonetheless expressed concerns that Band 12 devices would be subject to interference because they must use wider—and therefore less effective—filters. *See id.*

Cellular South also argues that pretext is shown in the FCC's Notice of Proposed Rule Making ("NPRM"), which, according to Cellular South, "rejected" statements about interference allegedly made by Qualcomm in its Comments. *See* Pls.' Proposed Second Amd. and Supp. Compl., at ¶ 269, ECF No. 105-1. As explained in Qualcomm's brief opposing leave to amend, Cellular South claimed that Qualcomm raised "concerns regarding base station filtering", but the cited portion of the Comments shows that Qualcomm actually raised concerns about filtering in *devices*. *See* QC Opp'n at 20-21 & n.10. Judicial notice of what Qualcomm said in this document therefore shows that Cellular South has mischaracterized the NPRM—the NPRM simply did not "reject" Qualcomm's assertions about interference.

For these reasons, Cellular South's objections to this Court taking judicial notice of the 3GPP Working Procedures and Qualcomm's Petition Comments are without merit. Accordingly, this Court should grant Qualcomm's request to take judicial notice of the documents and consider them in connection with Cellular South's Motion for Leave to file a Second Amended Complaint.

1083234

Dated:  November 15, 2012

/s/ L. F. Sams, Jr.
L. F. Sams, Jr. (MSB #6426)
Otis R. Tims (MSB #8221)
Margaret Sams Gratz (MSB #99231)
MITCHELL MCNUTT & SAMS, P.A.
   P.O. Box 7120
      Tupelo, MS 38802
        (662) 842-3871
          ssams@mitchellmcnutt.com
          otims@mitchellmcnutt.com
          mgratz@mitchellmcnutt.com

Roger G. Brooks
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
   Worldwide Plaza
      825 Eighth Avenue
        New York, NY 10019
         (212) 474-1000
          rgbrooks@cravath.com
          yeven@cravath.com

*Attorneys for Defendant Qualcomm Incorporated*

1083234

5

**CERTIFICATE OF SERVICE**

I, L. F. Sams, Jr., one of the attorneys for defendant Qualcomm Incorporated, hereby certify that I have electronically filed the foregoing Reply Brief with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

*Attorneys for Plaintiffs:*

Alan W. Perry
Daniel J. Mulholland
Water H. Boone
Forman Perry Watkins Krutz & Tardy, LLP
City Centre, Suite 200
200 South Lamar Street
Jackson, MS 39201

Charles L. McBride, Jr.
M. Patrick McDowell
Joseph A. Sclafani
Brian C. Kimball
Brunini Grantham Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, MS 39201

Walter T. Johnson
Watkins & Eager, LLC
P. O. Box 650
Jackson, MS 39205

*Attorney for Defendants AT&T, Inc. and AT&T Mobility, LLC:*

Aaron M. Panner
Kenneth M. Fetterman
Michael K. Kellogg
William J. Rinner
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M Street NW, Suite 400
Washington State, DC 20036

David W. Upchurch
Holland Ray Upchurch and Hillen
P. O. Drawer 409
Tupelo, MS 38802-0409
*Attorneys for Defendant Motorola Solutions, Inc.:*

6

1083234

Chahira Solh
John S. Gibson
Jason C. Murray
Crowell & Moring, LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614

Jim Ming Greenlee
James D. Johnson
Holcomb Dunbar – Oxford
Post Office Box 707
Oxford, MS 38655-0707

      This the 15th day of November, 2012.

                              /s/ L.F. Sams, Jr.
                              L. F. Sams, Jr.

1083234