# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| CORR WIRELESS COMMUNICATIONS, L.L.C., CELLULAR SOUTH, INC., AND CELLULAR SOUTH LICENSES, LLC, <br>     Plaintiffs, <br> v. <br><br> AT&T, INC., AT&T MOBILITY LLC, MOTOROLA SOLUTIONS, INC., AND QUALCOMM INCORPORATED, <br>     Defendants. | No. 3:12-cv-036-SA-SAA |

**DEFENDANTS AT&T INC. AND AT&T MOBILITY LLC'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR LEAVE TO AMEND OR FOR RECONSIDERATION**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

BACKGROUND ............................................................................................................................2

ARGUMENT ..................................................................................................................................4

    I.    BECAUSE THE PROFFERED THIRD AMENDED COMPLAINT ADDS NOTHING OF SUBSTANCE TO PLAINTIFFS' PRIOR COMPLAINTS, THE COURT SHOULD DENY THE MOTION UNDER RULE 59(e) ..................................................................................................5

    II.    AMENDMENT IS NOT WARRANTED UNDER RULE 15(a) ............................6

CONCLUSION ..............................................................................................................................10

# TABLE OF AUTHORITIES

Page

**CASES**

*Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326 (5th Cir. 2008)..................................................1, 6

*Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413 (5th Cir. 2010) .............................1, 6

*Seitz v. Envirotech Sys. Worldwide Inc.*, 513 F. Supp. 2d 855 (S.D. Tex. 2007) ............................7

*Textor v. Board of Regents of Northern Illinois Univ.*, 711 F.2d 1387 (7th Cir. 1983)...................9

**STATUTES AND RULES**

Clayton Act, 15 U.S.C. § 12 *et seq.* .......................................................................................2, 3, 4

      § 12, 15 U.S.C. § 22..................................................................................................3

Fed. R. Civ. P.:

      Rule 12(b)(2)......................................................................................................1, 2, 6

      Rule 12(b)(6).........................................................................................................2, 9

      Rule 15(a)...........................................................................................................1, 4, 6

      Rule 59(e)...........................................................................................................1, 4, 5

## INTRODUCTION

AT&T Inc. and AT&T Mobility LLC respectfully request that the Court deny Plaintiffs' motion. Although Plaintiffs proffer a Third Amended Complaint, they admit that the proffered complaint adds no new factual allegations different from those already considered by this Court that could provide a basis for personal jurisdiction over AT&T Inc. The motion is, therefore, simply a request for reconsideration, pursuant to Federal Rule of Civil Procedure 59(e), of this Court's determination that it lacks such jurisdiction. But Plaintiffs do not and cannot argue that they satisfy the standard for granting such a motion – they cannot "establish either a manifest error of law or fact" or "present newly discovered evidence." *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010) (internal quotation marks omitted). Instead, Plaintiffs simply seek to "raise arguments which could, and should, have been made" before the Court ruled, imposing unwarranted burdens on Defendants and on this Court. *Id.* (internal quotation marks omitted); *see also Benefit Recovery, Inc. v. Donelon*, 521 F.3d 326, 329 (5th Cir. 2008).

In any event, Plaintiffs cannot satisfy the Rule 15(a) standard. There is no excuse for Plaintiffs' failure to do what they could to cure the deficiencies in their complaint before – this is Plaintiffs' *third* amendment, and all the amendments were filed *after* AT&T Inc. filed its motion to dismiss under Rule 12(b)(2). And, in any event, amendment would be futile. The only purportedly new argument that Plaintiffs raise is the claim that AT&T Inc. may be subject to personal jurisdiction under a "conspiracy theory" of personal jurisdiction. Mem. in Support of Mot. To Amend Compl. or, Alternatively, Mot. To Alter or Amend Order To Permit Amendment to Compl. 4 ("Pls.' Mem.") (DN 121). But the complaint still fails to allege – particularly in

light of AT&T Inc.'s prior showing – that AT&T Inc. engaged in any conduct underlying Plaintiffs' (meritless) claims that would provide a basis for personal jurisdiction over it.

## BACKGROUND

Plaintiffs filed the original complaint in this matter on April 2, 2012. In response, AT&T Inc. filed a motion to dismiss the complaint under Rule 12(b)(2), arguing that neither the Clayton Act nor the Mississippi long-arm statute authorized jurisdiction over AT&T Inc. In support of the motion, AT&T Inc. submitted an Affidavit explaining that AT&T Inc. is a holding company that conducts no business and offers no services to the public. *See* Aff. of Steven Threlkeld ¶ 9 ("Threlkeld Aff.") (DN 62-1). AT&T Inc. owns no property in Mississippi, does not maintain a registered agent in Mississippi, does not pay taxes in Mississippi, and otherwise does not avail itself of the privilege of doing business in the State. *Id.* ¶¶ 9-14.

In response to AT&T Inc.'s motion (and the motions to dismiss for failure to state a claim filed by the remaining Defendants), Plaintiffs filed a "First Amended and Supplemental Complaint" on June 8, 2012. The principal substantive addition to the First Amended Complaint was allegations concerning statements made by Randall Stephenson, CEO of AT&T Inc. *See* First Am. & Supp. Compl. ¶ 349 (DN 75). Plaintiffs relied on those allegations in their opposition to AT&T Inc.'s motion. *See* Mem. Br. in Support of Response in Opp. to AT&T Inc.'s Mot. To Dismiss Pursuant to F.R.C.P. 12(b)(2), at 9-11 (DN 79).

The Court entertained argument on AT&T Inc.'s motion, as well as the other Defendants' motions to dismiss, on July 17, 2012. On August 31, 2012, the Court granted Defendants' motions under Rule 12(b)(6), holding that Plaintiffs had failed to allege an actionable agreement in restraint of trade. *See* Order (DN 99); Mem. Op. (DN 100).

2

On October 1, 2012, Plaintiffs filed a motion to file a second amended complaint, purportedly to attempt to bolster the conspiracy allegations of the prior two complaints. *See* Mot. To Amend Compl. (DN 105). All Defendants (other than AT&T Inc.) opposed the motion on the grounds that the proffered amended complaint still failed to state a claim under the antitrust laws.

On November 1, 2012, the Court granted AT&T Inc.'s motion to dismiss. The Court first rejected Plaintiffs' argument that Section 12 of the Clayton Act authorizes personal jurisdiction over any defendant so long as the defendant has minimum contacts with the United States as a whole. *See* Mem. Op. 10 ("11/1/12 Mem. Op.") (DN 116). Instead, the Court held, the Clayton Act authorizes suit "where the antitrust defendant is an 'inhabitant,' may be 'found,' or 'transacts business.'" *Id.* (quoting 15 U.S.C. § 22). It is undisputed that AT&T Inc. is not an inhabitant of Mississippi; the Court also found that Plaintiffs had failed to show, "other than by general unsubstantiated allegations, that AT&T Inc. was or is transacting business or found within this Court's reach." *Id.* at 11. The Court then rejected Plaintiffs' argument that the Mississippi long-arm statute authorized the exercise of jurisdiction over AT&T Inc.: it found that "Plaintiffs have failed to refute AT&T Inc.'s affidavit that it is not doing business in Mississippi" and – notwithstanding Plaintiffs' argument that "AT&T Inc. was a participant in the creation of Band 17" – that "Plaintiffs failed to allege or provide evidence that AT&T Inc. committed a tort in whole or in part in Mississippi." *Id.* at 12-13. The Court held that Plaintiffs had "only presented evidence that AT&T Inc. has acted on its subsidiaries' behalf in court filings, and that AT&T Inc.'s CEO has spoken of the business of the AT&T wireless telecommunications business generally." *Id.* at 15. "Accordingly, jurisdiction over AT&T Inc. is not proper on the basis of its subsidiaries' contacts with the State of Mississippi." *Id.* Finally, the Court rejected Plaintiffs'

3

request for jurisdictional discovery in light of its dismissal, on the merits, of Plaintiffs' claims against the remaining Defendants. Because AT&T Inc. could avail itself of that ruling even if personal jurisdiction were established, "jurisdictional discovery would be a waste of resources and is not necessary." *Id.*

On November 20, Plaintiffs filed their Motion To Amend Complaint or, Alternatively, Motion To Alter or Amend Order To Permit Amendment To Complaint ("Mot.") (DN 120). Plaintiffs argue that they are "entitled" to relief for three reasons. Mot. 2. *First*, they claim that the amended complaint "attempt[s] to plead more clearly that if AT&T, Inc. [sic] did participate in the actions to create and use Band 17, then it was a party to the concerted action" and "subject to an action filed in this state" for that reason – although Plaintiffs assert that "all versions of the Complaint" have already included such allegations. *Id. Second*, Plaintiffs seek to add to the complaint's factual allegations that, by Plaintiffs' own admission, "the Court did in fact consider" in granting AT&T Inc.'s motion to dismiss. Mot. 3. *Third*, Plaintiffs seek to "add allegations" to support a "conspiracy theory of personal jurisdiction" that Plaintiffs have neglected previously to argue. *Id.* (internal quotation marks omitted). Plaintiffs do not allege that they have discovered or alleged any new facts, or that any argument they now seek to make was unavailable at the time they filed their original complaint, their first amended complaint, or their second amended complaint.

**ARGUMENT**

This Court correctly ruled (1) that the Clayton Act does not authorize the exercise of personal jurisdiction over AT&T Inc. based on contacts with the United States as a whole; and (2) that Plaintiffs failed to allege that AT&T Inc. had engaged in any conduct that would subject it to the jurisdiction of this Court based on contacts with the State of Mississippi. Plaintiffs'

4

motion does not challenge the first basis for the Court's ruling, and Plaintiffs' effort to challenge the second provides no basis for relief under either Rule 59(e) or Rule 15(a).

I.  **BECAUSE THE PROFFERED THIRD AMENDED COMPLAINT ADDS NOTHING OF SUBSTANCE TO PLAINTIFFS' PRIOR COMPLAINTS, THE COURT SHOULD DENY THE MOTION UNDER RULE 59(e)**

Although Plaintiffs proffer a Third Amended Complaint and style their motion (in the alternative) as one for leave to amend, their motion is in substance nothing more than a request for reconsideration of this Court's decision to dismiss AT&T Inc. from this action for lack of personal jurisdiction. Accordingly, Plaintiffs must show that they satisfy the demanding standard of Rule 59(e) (a rule they invoke in the alternative). Plaintiffs cannot meet the applicable standard because the only claimed basis for relief from the prior order is the argument that AT&T Inc. is subject to jurisdiction under a "conspiracy theory of jurisdiction" – an argument that Plaintiffs waived by failing to raise it in opposition to AT&T Inc.'s motion.

Plaintiffs do not seriously contend that there is any new *factual* allegation of significance in the proffered Third Amended Complaint that this Court has not already considered. To the contrary, Plaintiffs assert that "all versions of the Complaint have alleged that AT&T, Inc. [sic] was involved in the actions" that formed the basis for Plaintiffs' antitrust claims. Mot. 2. Plaintiffs' memorandum of law discusses no new factual allegation, instead asserting vaguely that the proffered Third Amended Complaint "clarifies and expands" facts that were previously alleged and "more clearly alleges" acts that were previously alleged in "all versions of the complaint." Pls.' Mem. 6-7.

In substance, therefore, Plaintiffs' motion is nothing more than a request for reconsideration of the Court's prior ruling, relying on arguments that Plaintiffs admittedly could have made (and, in most cases, did make) based on their prior versions of their complaint. The Court should therefore deny Plaintiffs' motion under the standards that apply to a request for

reconsideration under Rule 59(e). "[A] motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before judgment issued." *Rosenblatt*, 607 F.3d at 419 (internal quotation marks omitted); *see also*, *e.g.*, *Benefit Recovery*, 521 F.3d at 329.

Plaintiffs' motion plainly fails under this standard. The only new basis for personal jurisdiction that Plaintiffs argue in their motion is not based on any new factual allegations, but is instead based solely on a legal *theory* – the so-called "conspiracy theory of jurisdiction" – that Plaintiffs could have argued in opposing AT&T Inc.'s original motion back in June. Having relied on other legal arguments – most prominently, the claim that the Clayton Act authorized personal jurisdiction irrespective of AT&T Inc.'s contacts with Mississippi – Plaintiffs "presented the new argument" only "[w]hen the district court found [their original] argument[s] unavailing." *Benefit Recovery*, 521 F.3d at 329. Such tactics provide no basis for reconsideration of the Court's dismissal of AT&T Inc. as a party to this litigation. *See id.*

## II. AMENDMENT IS NOT WARRANTED UNDER RULE 15(a)

Plaintiffs, in any event, fail to justify their motion for leave to amend under Rule 15(a) because the proffered amendment both is unduly delayed and follows repeated failures to cure the deficiencies in their complaint and because, in any event, the amendment is futile.

**A.** Plaintiffs' request to amend should be denied because there is no justification for Plaintiffs' failure to allege facts they believe would establish personal jurisdiction over AT&T Inc. long before the Court's November 1 ruling. AT&T Inc. filed its motion to dismiss under Rule 12(b)(2) back in May 2012. Plaintiffs have proffered not one but two amended complaints since that time. Plaintiffs added to both amended complaints allegations claimed to be relevant

6

to personal jurisdiction over AT&T Inc. There is no excuse for Plaintiffs' failure to allege any pertinent facts before now.

Plaintiffs argue that their motion is "timely" because it is their "first opportunity to amend" following this Court's order dismissing AT&T Inc. from the action, going on to claim that they "did not know, and could not have foreseen, the purported factual deficiencies raised by the Court." Pls.' Mem. 3. That claim is inconsistent with the record. The Court's order on AT&T Inc.'s motion did not raise any unexpected new basis for dismissal – the Court instead considered the arguments of the parties and found Plaintiffs' allegations insufficient for reasons of which Plaintiffs had ample notice based on the briefing and argument. In particular, a focus of AT&T Inc.'s motion was Plaintiffs' failure to allege any conduct by AT&T Inc. itself, as opposed to its subsidiaries, that would subject AT&T Inc. to jurisdiction in Mississippi. If there were any such allegations to be made, Plaintiffs had every reason to make them no later than at the time they filed their First Amended Complaint in response to Defendants' motions to dismiss. Moreover, as Plaintiffs concede (Mot. 3), the Court's jurisdictional determination was not limited to the "facts alleged in the complaint." *Seitz v. Envirotech Sys. Worldwide Inc.*, 513 F. Supp. 2d 855, 866 (S.D. Tex. 2007). Rather, the Court considered whatever additional materials Plaintiffs submitted to support their assertions that AT&T Inc. itself had engaged in conduct subjecting it to this Court's jurisdiction. *See* 11/1/12 Mem. Op. 3. Under these circumstances, "amendment would be both late and futile." *Seitz*, 513 F. Supp. 2d at 866 (rejecting request for leave to amend following dismissal on personal jurisdiction grounds).

**B.** Even if Plaintiffs were permitted to overcome all of the procedural barriers to relief, their motion should be denied on grounds of futility because neither the allegations added

7

to the complaint nor their additional legal argument establish personal jurisdiction over AT&T Inc.

1.  It is no accident that Plaintiffs do not discuss any of the factual allegations added to their proffered complaint, because those "new" allegations have no substance. All such allegations appear in paragraph 45 (the changes to paragraph 52 reflect legal argument) of the proffered Third Amended and Supplemental Complaint ("TAC") (DN 120-1). Aside from purely conclusory assertions (such as the assertion that "AT&T, Inc. [sic] is found and transacts business in the State of Mississippi"), the complaint (1) cites legal filings that Plaintiffs already called to the Court's attention in opposing AT&T Inc.'s original motion; (2) cites statements by the CEO of AT&T Inc. that Plaintiffs already called to the Court's attention; (3) asserts that "AT&T, Inc. [sic] . . . directly participated in . . . 3GPP proceedings." TAC ¶ 45. But this last allegation – which is false – is carefully hedged, presumably in light of Rule 11 concerns. That is, Plaintiffs acknowledge that they have no basis for claiming that AT&T Inc. itself – rather than a subsidiary – participated in 3GPP proceedings, because the participating entity is "referenced in those reports as 'AT&T.'" *Id.* Rather, they claim that the reference "must refer to AT&T, Inc. [sic], *or some entity acting on its behalf*, because licenses for the 700 MHz spectrum at issue are actually owned by a number of different direct or indirect subsidiaries of AT&T, Inc. [sic], and those licenses were to be used by yet another subsidiary." *Id.* (emphasis added). The argument is incoherent: Plaintiffs' concession that AT&T Inc. does *not* own spectrum and does *not* provide wireless service hardly supports an inference that it *does* participate in 3GPP. Particularly in light of the Threlkeld Affidavit – which stated under penalty of perjury that AT&T Inc. is a holding company that does not conduct business in Mississippi or *any* business

directly with the public, *see* Threlkeld Aff. ¶ 9 – Plaintiffs' unwarranted inferences do not provide any basis for asserting personal jurisdiction over AT&T Inc.

  **2.** Plaintiffs' argument that jurisdiction may be asserted over AT&T Inc. under a "conspiracy theory" does nothing to address the prior complaints' failure to allege any conduct by AT&T Inc. that would constitute a "tort" "committed . . . in whole or in part in Mississippi." 11/1/12 Mem. Op. 13. That theory – which Plaintiffs admit has never been recognized in Mississippi or by the Fifth Circuit – depends on properly alleging (1) the existence of an unlawful conspiracy, (2) that AT&T Inc., and not just its subsidiaries, was a party to it, and (3) that a co-conspirator committed a substantial act in furtherance of the conspiracy in the forum state. *See Textor v. Board of Regents of Northern Illinois Univ.*, 711 F.2d 1387, 1393 (7th Cir. 1983). But, as Plaintiffs effectively admit, the Court's order granting Defendants' motions to dismiss on 12(b)(6) grounds forecloses Plaintiffs' argument that it has alleged an unlawful conspiracy at all. Nothing in the complaint alleges that AT&T Inc. was a party to the conspiracy, as there are no factual allegations (as opposed to conclusory assertions) that AT&T Inc. ever agreed with anyone to do anything. And there is no allegation – as this Court already held – that any Defendant "committed a tort in whole or in part in Mississippi." 11/1/12 Mem. Op. 13. None of the supposedly conspiratorial conduct – that is, "the creation of Band 17" – is alleged to have taken place in Mississippi. *Id.* "If anything, the causes of action allege only that the consequences stemming from AT&T Inc.'s violations occurred in Mississippi. Therefore, jurisdiction is not appropriate under the tort prong of the long-arm statute." *Id.*

9

**CONCLUSION**

For the foregoing reasons, the Court should deny the motion.

Dated:  December 4, 2012

Respectfully submitted,

AT&T INC.
AT&T MOBILITY LLC

/s/ *David W. Upchurch*
DAVID W. UPCHURCH, MSB #10558
HOLLAND, RAY, UPCHURCH & HILLEN, P.A.
P.O. DRAWER 409
TUPELO, MISSISSIPPI 38802-0409
TELEPHONE:  (662) 842-1721
FACSIMILE:  (662) 844-6413
dwu@hruhpa.com

Michael K. Kellogg (Admitted *Pro Hac Vice*)
Aaron M. Panner (Admitted *Pro Hac Vice*)
William J. Rinner (Admitted *Pro Hac Vice*)
Kellogg, Huber, Hansen, Todd,
  Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone:  (202) 326-7921
mkellogg@khhte.com
apanner@khhte.com
wrinner@khhte.com

**CERTIFICATE OF SERVICE**

       I, David W. Upchurch, hereby certify that I have this 4th day of December 2012 filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to the following registered participants:

    Alan W. Perry, Esq., MSB #4127
    Daniel J. Mulholland, Esq., MSB #3643
    Walter H. Boone, Esq., MSB #8651
    Forman, Perry, Watkins, Krutz & Tardy, LLP
    200 S. Lamar Street, Suite 100
    Jackson, Mississippi 39201-4099
    Tel: (601) 969-7833
    Fax: (601) 960-8613
    aperry@fpwk.com

    Charles L. McBride, Esq., MSB #8995
    M. Patrick McDowell, Esq., MSB #9746
    Joseph A. Sclafani, Esq., MSB #99670
    Brian C. Kimball, Esq., MSB #100787
    Brunini, Grantham, Grower & Hewes, PLLC
    190 East Capitol Street, Suite 100
    Jackson, Mississippi 39201-2151
    Tel: (601) 960-6891
    Fax: (601) 960-6902
    cmcbride@brunini.com

    Walter T. Johnson, Esq., MSB #8712
    Watkins & Eager PLLC
    400 East Capitol Street, Suite 300 (39201)
    P.O. Box 650
    Jackson, Mississippi 39205
    Tel: (601) 965-1900
    Fax: (601) 965-1901
    wjohnson@watkineager.com

    *Counsel for Plaintiffs*
    *Corr Wireless Communications, LLC,*
    *Cellular South, Inc., and*
    *Cellular South Licenses, LLC*

L.F. Sams, Jr., Esq.
Otis R. Tims, Esq.
Margaret Sams Gratz, Esq.
Mitchell, McNutt & Sams, P.A.
P.O. Box 7120
Tupelo, Mississippi 38802-7120
Tel: (662) 842-3871
Fax: (662) 842-8450
ssams@mitchellmcnutt.com
otims@mitchellmcnutt.com
mgratz@mitchellmcnutt.com

Roger G. Brooks, Esq.
Yonatan Even, Esq.
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
rgbrooks@cravath.com
yeven@cravath.com

*Counsel for Defendant Qualcomm Inc.*

Jim M. Greenlee, Esq.
Holcomb, Dunbar, Watts, Best, Masters & Golmon, P.A.
400 South Lamar Boulevard, Suite A
P.O. Drawer 707
Oxford, Mississippi 38655
jgreenlee@holcombdunbar.com
Tel: (662) 234-8775
Fax: (662) 238-7552

John S. Gibson, Esq.
Chahira Solh, Esq.
Crowell & Moring, LLP
3 Park Plaza, 20th Floor
Irvine, California 92614-8505
Tel: (949) 263-8400
Fax: (949) 263-8414
jgibson@crowell.com
csolh@crowell.com

*Counsel for Defendant Motorola Solutions, Inc.*

/s/ *David W. Upchurch*
DAVID W. UPCHURCH