**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CORR WIRELESS
COMMUNICATIONS, L.L.C.,
CELLULAR SOUTH, INC., and
CELLULAR SOUTH LICENSES, LLC**                                    **PLAINTIFFS**

**V.**                                       **CIVIL ACTION NO. 3:12CV36-SA-SAA**

**AT&T, INC., AT&T MOBILITY LLC,
MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
QUALCOMM INCORPORATED, and
JOHN DOES 1-10**                                                  **DEFENDANTS**

## ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Plaintiffs have moved to file a Second Amended Complaint (Docket #105) and Third Amended Complaint (Docket #120) to cure pleading deficiencies identified by the court in two Orders Granting Motions to Dismiss. Docket ## 99, 101, 115. Defendants oppose the proposed amendments as futile.[1]

A party desiring to amend its complaint after an answer has been served must receive written consent of the opposing party or obtain leave of court. FED. R. CIV. P. 15(a). The Fifth Circuit has held "[a]mendments should be liberally allowed," but "leave to amend is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994) (citations omitted); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted). The court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the

---

[1]Defendant Qualcomm Incorporated filed a motion requesting that the court take judicial notice of two documents it alleges support its response to plaintiff's motion to amend. (Docket # 113). The court is not persuaded that judicial notice is proper in these circumstances as the evidence contained in both exhibits is clearly at issue in both this civil action and the case before the FCC. Therefore, Qualcomm's Motion for Judicial Notice is DENIED.

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, (and) futility of amendment" in determining whether to grant a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court has considered defendants' objection to the amendments as futile and finds that plaintiff's motion should be allowed in light of the Order Granting the Motion to Dismiss. Because defendants had knowledge of these facts, allowing an amendment to include facts and allegations newly discovered by plaintiff will not prejudice defendants, even if they elect to file a supplemental dispositive motion. For these reasons, plaintiff's motions for leave to file amended complaint are **GRANTED**. Plaintiff must file its amended complaint in the form attached to its motion (Docket #120) by January 29, 2013.

This, the 22nd day of January, 2013.

/s/ S. Allan Alexander  
UNITED STATES MAGISTRATE JUDGE