**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**CORR WIRELESS
COMMUNICATIONS, L.L.C.,
CELLULAR SOUTH, INC., and
CELLULAR SOUTH LICENSES, LLC**           **PLAINTIFFS**

**VS.**           **CIVIL ACTION NO. 3:12-cv-036-SA-SAA**

**AT&T, INC., AT&T MOBILITY LLC,
MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
QUALCOMM INCORPORATED, and
JOHN DOES 1-10**           **DEFENDANTS**

**PLAINTIFFS' RESPONSE TO
DEFENDANTS' JOINT APPEAL OF ORDER
GRANTING MOTION TO AMEND COMPLAINT**

Plaintiffs, Corr Wireless Communications, L.L.C., Cellular South, Inc., and Cellular South Licenses, LLC (collectively, "Cellular South"), submit this Response to Defendants' Joint Appeal of Order Granting Motion to Amend Complaint, and in support would show the following:

On January 22, 2013, Magistrate Judge Alexander entered an Order which granted Plaintiffs' Motion to Amend, and permitted Plaintiffs to file their Third Amended and Supplemental Complaint (TASC) (the "Order"). [Doc. #124]. The Order stated that "the court has considered defendants' objection to the amendments as futile and finds that plaintiff's motion should be allowed in light of the Order Granting the Motion to Dismiss." *Id*. at 2. The Court further noted that the amendment "will not prejudice defendants, even if they elect to file a supplemental dispositive motion." *Id*. In the Order, Magistrate Judge Alexander also denied Qualcomm's Motion to Take Judicial Notice over two documents submitted in response to

Plaintiffs' Motion to Amend. *Id*. at n. 1. On this issue, the Order concluded that judicial notice was not proper "as the evidence contained in both exhibits is clearly at issue in both this civil action and the case before the FCC." *Id*.

On February 5, 2013 Defendants filed their Joint Appeal of Order Granting Motion to Amend Complaint "for the limited purpose of guarding against any possible inference that the Order has become the 'law of the case.'" [Doc. #126], at 1. In their appeal of Magistrate Judge Allen's Order, Defendants raise two issues which they want to prevent from being the "law of the case."

First, Defendants appeal the Order to the extent that the statement that the "court has considered defendants' objection to the amendments as futile" could be construed to mean that the Third Amended and Supplemental Complaint (TASC) cured the alleged defects in the FASC and states a claim under the antitrust laws. [Doc. #126], at 3. Presumably, the Defendants felt compelled to make this argument because under Fifth Circuit law, where the district court's denial of leave to amend is based solely on futility, the court "appl[ies] a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." *City of Clinton, Ark. v. Pilgrim's Pride Corp.,* 632 F.3d 148, 152 (5th Cir.2010). And while Cellular South believes that the TASC has cured the alleged defects in the FASC and does state a claim under the antitrust laws, Cellular South recognizes that this Court would review the Magistrate Judge's order under a *de novo* standard. *See Id.* Inasmuch as this Court has already entered a briefing schedule for the Defendant's forthcoming motions to dismiss, the Court will have the opportunity to judge the sufficiency of the TASC in ruling upon those motions. Therefore, it would be duplicative for the Court to separately evaluate whether the Magistrate Judge erred in rejecting the Defendants' arguments of futility.

In any event, by its own terms, the Order contemplates that Defendants can and will file "a supplemental dispositive motion." [Doc. #124], at 2. Hence, a plain reading of the Order also demonstrates that the Order does not foreclose the filing of a subsequent dispositive motion, and nothing in the Order forecloses any arguments defendants may make in that motion. But even if the Order could somehow reasonably be interpreted to prevent Defendants' ability to contest the legal sufficiency of the TASC, Cellular South is willing to stipulate that it will not assert that the Order constitutes the "law of the case" on the issue of whether the TASC cured the alleged defects in the complaint and states a claim under the antitrust laws. The Court can and should decide that issue based on the TASC itself, defendants' dispositive motions, and Cellular South's response to those motions.

Second, Qualcomm appeals the Order to the extent that the Court's denial of Qualcomm's request for judicial notice might also constitute "law of the case" on whether the Court may take judicial notice of two contested exhibits submitted by Qualcomm in response to the motion to amend. The two documents are 3GPP Working Procedures and Qualcomm's own comments in the Interoperability proceeding before the FCC. While those documents say what they say, Qualcomm has offered them to prove the truth of the matters contained therein and to dispute the matters set forth in the complaint – a wholly improper purpose. Cellular South contested judicial notice of those documents for that reason. Qualcomm concedes that it will continue the same ploy with regard to these documents and "expects to ask this Court to take judicial notice of those documents in connection with its forthcoming motion to dismiss." [Doc. #126], at 2.

Qualcomm argues that Magistrate Judge Alexander applied the incorrect standard to this question, and that her basis for denial was wrong. Cellular South vigorously disagrees. The

3

introduction and use of judicially noticed documents is "strictly limited" in the Fifth Circuit. *Abecassis v. Wyatt*, 785 F.Supp. 2d 614, 651 (S.D. Tex. 2011) (quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir.1996)); *Warden v. Barnett*, 252 F.3d 1356, n.1 (5th Cir. 2001); *Landry's Seafood Rest., Inc.*, 2001 WL 34115784 at *1, n.8 (S.D. Tex. Feb. 20, 2001). Judicially noticed documents "should be considered only for the purpose of determining what statements the document contains, not to prove the truth of the documents' contents." *Lovelace*, 78 F.3d at 1018 (emphasis added) (citing *Hennessey v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354-55 (7th Cir. 1995) (holding that the district court properly refused to take judicial notice of a corporation's Form 10-K to determine a fact in dispute—the number of corporate employees)). In *Abecassis*, the Fifth Circuit held that "whether [dismissal is appropriate under the defendants' legal theory] depends on the truth of the statements in the S.E.C. filings. Under the Fifth Circuit's holding in *Lovelace*, they are not appropriately considered in deciding a 12(b)(6) motion." *Abecassis v. Wyatt*, 785 F.Supp. 2d at 651 (emphasis added).

Here, as in *Abecassis*, the contested documents are not "relevant regardless of their truth," and have been offered solely to prove the truth of the matters in those documents and to disprove the allegations in the complaint. In its last attempts to use these documents, Qualcomm argued that Cellular South's allegations regarding dominance of 3GPP by Defendants were insufficient because the 3GPP Working Procedures prevented each Defendant from casting more than one vote – an attempt to prove the truth of the contents of that document. Likewise, Qualcomm attempted to argue that its own comments before the FCC disproved Cellular South's allegations of pretextual justification, which would require the court not only to accept Qualcomm's comments but the truth of those comments. Magistrate Judge Alexander correctly

concluded that the subject matter of these exhibits was disputed and "at issue," and that Qualcomm's purpose was to prove the truth of those disputed matters. For this reason, when, and if, Qualcomm requests the Court take judicial notice of these contested documents, Cellular South will object and seek to uphold Magistrate Judge Alexander's ruling on those matters.

February 22, 2013                Respectfully submitted,

                                                  s/ Walter H. Boone
Alan W. Perry, MSB #4127
Daniel J. Mulholland, MSB #3643
Walter H. Boone, MSB #8651
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
City Centre, Suite 200
200 South Lamar Street
Jackson, Mississippi 39201
Tel.: 601-969-7833
Fax: 601-960-8613
aperry@fpwk.com

Charles L. McBride, Jr., MSB #8995
M. Patrick McDowell, MSB # 9746
Joseph A. Sclafani, MSB #99670
Brian C. Kimball, MSB #100787
Katie L. Wallace, MSB #101919
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201
Tel.: 601-960-6891
Fax: 601-960-6902
cmcbride@brunini.com

                                       Walter T. Johnson, MSB#8712
                                       WATKINS & EAGER PLLC
                                       400 East Capitol Street, Suite 300 (39201)
                                       P. O. Box 650
                                       Jackson, MS 39205
                                       Phone: 601-965-1900
                                       Fax: 601- 965-1901
                                       wjohnson@watkinseager.com

                                       *Counsel for Plaintiffs Cellular South, Inc.,*
                                       *Corr Wireless Communications, L.L.C. and*
                                       *Cellular South Licenses, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on February 22, 2013, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

***Attorneys for Defendants AT&T Mobility LLC, and AT&T, Inc.***

David W. Upchurch
HOLLAND RAY UPCHURCH AND HILLEN
P.O. Drawer 409
Tupelo, MS 38802-0409
dwu@hruhpa.com

Michael K. Kellogg (PHV)
William J. Rinner (PHV)
Kenneth M. Fetterman (PHV)
Aaron M. Panner (PHV)
KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL P.L.L.C.
1615 M. Street NW, Suite 400
Washington, D.C. 20036
mkellogg@khhte.com
wrinner@khhte.com
kfetterman@khhte.com
apanner@khhte.com

*<u>Attorneys for Defendant Qualcomm Incorporated</u>*

Sandy Sams
Margaret Sams Gratz
Otis R. Tims
MITCHELL MCNUTT & SAMS, P.A.
P.O. Box 7120
Tupelo, MS 38802
ssams@mitchellmcnutt.com
mgratz@mitchellmcnutt.com
otims@mitchellmcnutt.com

Yonatan Even (PHV)
Roger G. Brooks (PHV)
Carrie R. Bierman (PHV)
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 8th Avenue
New York, New York 10019
yeven@cravath.com
rgbrooks@cravath.com
cbierman@cravath.com


*<u>Attorneys for Defendant Motorola Mobility, Inc.</u>*

Jim M. Greenlee
James D. Johnson
HOLCOMB, DUNBAR, WATTS, BEST, MASTERS & GOLMON
400 S. Lamar, Ste. A
P.O. Drawer 707
Oxford, MS 38655
jgreenlee@holcombdunbar.com
jdjohnson@holcombdunbar.com

John S. Gibson (PHV)
Chahira Solh (PHV)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
jgibson@crowell.com
csolh@crowell.com

Jason C. Murray (PHV)
Crowell & Moring LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
jmurray@crowell.com


THIS, the 22nd day of February, 2013.

                                                  /s/ Walter H. Boone_____