# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

|   |   |   |
|---|---|---|
| CORR WIRELESS COMMUNICATIONS, L.L.C., CELLULAR SOUTH, INC., AND CELLULAR SOUTH LICENSES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AT&T INC., AT&T MOBILITY LLC, MOTOROLA SOLUTIONS, INC., AND QUALCOMM INCORPORATED, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 3:12-cv-036-SA-SAA |

## AT&T INC.'S MEMORANDUM BRIEF
## IN OPPOSITION TO PLAINTIFFS' MOTION FOR
## JURISDICTIONAL DISCOVERY

The Court dismissed AT&T Inc. for lack of personal jurisdiction under Rule 12(b)(2) because AT&T Inc. made an unrebutted showing that it "is not an inhabitant of, cannot be found within, and does not transact business in" Mississippi. Memorandum Opinion at 11 (ECF No. 116, Nov. 1, 2012) (hereinafter "11/1/12 Mem. Op."). The Court further found that "jurisdictional discovery would be a waste of resources" in light of its order granting AT&T Mobility's motion to dismiss, which would apply equally to AT&T Inc. because Plaintiffs barely distinguish the two AT&T entities throughout their complaint. 11/1/12 Mem. Op. 15.

Faced with another motion to dismiss, Plaintiffs again request discovery to bolster their claims of personal jurisdiction, but they fail to identify any legally relevant factual issue warranting discovery. Moreover, Plaintiffs request broad discovery that would amount to a fishing expedition into merits issues rather than making targeted requests for information showing why personal jurisdiction over AT&T Inc. is proper in this forum.

**ARGUMENT**

Plaintiffs fail to demonstrate how the broad discovery they seek would bolster any viable legal theory that AT&T Inc. has sufficient contacts with Mississippi to sustain personal jurisdiction, nor do they make the preliminary showing required to obtain such discovery.

**1.** A court may grant jurisdictional discovery when a plaintiff establishes "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005). To make such a showing, the plaintiff must present "factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts" to permit jurisdiction. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (quoted in *Fielding*, 415 F.3d at 429) (internal quotation marks and citation omitted). Jurisdictional discovery is unnecessary, however, if it will not "add[] any significant facts" affecting the *legal* analysis of whether personal jurisdiction might exist. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000) (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)). Jurisdictional discovery thus is properly denied if a plaintiff fails to show "how any further inquiry . . . would impact the district court's jurisdictional determination." *Fielding*, 415 F.3d at 429; *see Roz Trading Ltd. v. Zeromax Grp., Inc.*, 517 F. Supp. 2d 377, 389 (D.D.C. 2007) (plaintiffs not entitled to jurisdictional discovery because it was "clear that the discovery Plaintiffs seek would not affect the jurisdictional outcome in this case").

Moreover, a plaintiff fails to make such a preliminary showing when it "offers only speculation or conclusory assertions about contacts with a forum state." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir. 2003). "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery

confined to issues of personal jurisdiction should it conclude that such discovery will be a fishing expedition." *Rich v. KIS Cal., Inc.*, 121 F.R.D. 254, 259 (M.D.N.C. 1988).

**2.** Here, Plaintiffs' request for discovery should be denied because none of their requests is tailored to obtain evidence that would bolster a legally viable theory of personal jurisdiction over AT&T Inc.[1] Cellular South requests (at 3) discovery to support its allegations that "AT&T Inc. actively participated in the creation of Band 17." That request should fail for multiple reasons. First, Plaintiffs allege no facts to support the assertion that AT&T Inc., rather than its subsidiaries, played any role in the adoption of Band 17. To the extent Plaintiffs rely on the theory that AT&T Inc. is subject to personal jurisdiction in Mississippi by virtue of having taken part in a conspiracy that caused injury in Mississippi, that theory is legally insufficient for the reasons set out in AT&T Inc.'s motion to dismiss and reply in support. *See* AT&T Inc. Mtn. 12-14; AT&T Inc. Reply at 2-9. Second, any supposed participation by AT&T Inc. in the adoption of Band 17 would not in any event demonstrate that AT&T Inc. committed a tort giving rise to jurisdiction in Mississippi because the decision to adopt Band 17 was made outside the state, and only alleged economic effects – not *injury* from the supposed unlawful conduct – occurred in the state. *See* AT&T Inc. Mtn. 10-11; AT&T Inc. Reply at 9-12. Third, any participation in the adoption of Band 17 would not demonstrate that AT&T Inc. transacted business in Mississippi under the Clayton Act. The Court explained that "Plaintiffs have not shown, other than by general unsubstantiated allegations, that AT&T Inc. was or is transacting business or found within this Court's reach." 11/1/12 Mem. Op. 11. None of Plaintiffs'

---

[1] *See* Def. AT&T Inc.'s Mem. of Law in Supp. of its Mot. to Dismiss the Third Am. and Supplemental Compl. Pursuant to Fed. R. Civ. P. 12(B)(2) at 5-15 (ECF No. 134, Feb. 27, 2013) (hereinafter "AT&T Inc. Mtn."); AT&T Inc. Reply at 2-13.

3

discovery requests is calibrated to cure this deficiency in their pleadings or other submissions – indeed, none of their requests mentions Mississippi at all.

3.  Plaintiffs' request for discovery fails for the independent reason that Plaintiffs do not make the "preliminary showing" necessary to trigger jurisdictional discovery. All of the allegations in support of personal jurisdiction over AT&T Inc. are conclusory and unsupported by facts showing with reasonable particularity the possible existence of contacts in the state. Plaintiffs assert, in conclusory terms, that AT&T Inc. is "actively engaged" in its subsidiaries' operations, that it "does not simply act as a detached holding company," and that it is "directly involved in matters involving the wireless spectrum."[2] But, as several courts have explained, "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co.*, 646 F.3d 589, 598 (8th Cir. 2011); *Carefirst*, 334 F.3d at 402 (same).

Plaintiffs suggest (at 3) that such discovery might "contradict AT&T Inc.'s claims that it is merely a holding company." But Plaintiffs disavow any suggestion that AT&T Mobility's actions may be attributable to AT&T Inc. as an alter ego or under another theory that the parent exerted operational control over its subsidiaries. *See* Mem. in Opp'n to AT&T Inc.'s Mot. to Dismiss Third Am. and Supplemental Compl. at 3, 16 (ECF No. 145, Apr. 3, 2013). And, for the reasons discussed above, Plaintiffs have alleged nothing to justify further inquiry into the activities of AT&T Inc.

4.  Plaintiffs' request for discovery should be denied for the additional reason that they have failed to submit targeted requests designed to develop specific facts that would

---

[2] Pls.' Mem. Br. in Supp. of their Mot. for Jurisdictional Disc. at 4 (ECF No. 142, Apr. 3, 2013) (hereinafter "Pls.' Mtn. for Jur. Discovery") (quoting TASC ¶ 45).

4

support a finding of personal jurisdiction. A request for jurisdictional discovery must be "specifically targeted to flesh out connections already shown to exist," and not merely an attempt "to cast a wide net for potential contacts with the forum state." *Westley v. Mann*, Civ. A. No. 11-3704 (JNE/JSM), 2012 WL 6591354, at *14 (D. Minn. Nov. 27, 2012) (internal quotation marks and citation omitted); *see Animale Grp., Inc. v. Sunny's Perfume, Inc.*, Civ. A. No. 5:07-cv-13, 2007 WL 760373, at *6 (S.D. Tex. Mar. 8, 2007) ("[T]he Court will not allow plaintiffs to engage in open-ended jurisdictional 'fishing expeditions' into which they enter only with the *hope* of discovering facts evidencing minimum contacts."); *Orellana v. CropLife Int'l*, 740 F. Supp. 2d 33, 40 (D.D.C. 2010) (request for jurisdictional discovery denied when plaintiffs failed to state with specificity either what discovery they wished to conduct or what evidence they believed it would produce); *cf. Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc) (discovery into jurisdictional facts necessary to support joinder determination "should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity").

Rather than submitting targeted discovery requests tied to AT&T Inc.'s contacts with the forum state, Plaintiffs seek to uncover evidence or elicit testimony to support their assertions in the TASC on the merits. None of Plaintiffs' discovery requests seeks facts to suggest that AT&T Inc. transacts business in Mississippi, owns spectrum, or operates its own wireless network. *Cf.* Threlkeld Aff. ¶¶ 7-9 (ECF No. 62-1, May 23, 2012). Instead, Plaintiffs wish to probe into actions taken in connection with the adoption of Band 17, such as whether "AT&T Inc. engaged in any communications regarding the positions to be taken in meetings at which the creation of Band 17 was discussed" and "regarding interference" (to bolster their assertion of "pretext"), or whether "AT&T Inc. conducted any analysis or engaged in any communications regarding the

5

effects of the creation of Band 17 on the availability of devices" (to bolster their device-related claims). Pls.' Mot. for Jur. Discovery at 3. Such wide-ranging requests relating to the merits fail to demonstrate that discovery would produce evidence relevant to the jurisdictional inquiry presented by AT&T Inc.'s motion to dismiss. *Cf. Pipe Freezing Servs., Inc. v. Air Liquide Am., LP*, Civ. A. No. 2:09cv93KS-MTP, 2009 WL 2591612, at *4 (S.D. Miss. Aug. 20, 2009) (summarily denying request for jurisdictional discovery that would amount to a "fishing expedition" into the merits of the dispute).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for jurisdictional discovery should be denied.

Dated: April 24, 2012

Respectfully submitted,

AT&T Inc.

/s/ *David W. Upchurch*
DAVID W. UPCHURCH, MSB #10558
HOLLAND, RAY, UPCHURCH & HILLEN, P.A.
P.O. DRAWER 409
TUPELO, MS 38802-0409
TELEPHONE: 662-842-1721
FACSMILE: 662-844-613
dwu@hruhpa.com

Michael Kellogg (Admitted *Pro Hac Vice*)
Aaron Panner (Admitted *Pro Hac Vice*)
William J. Rinner (Admitted *Pro Hac Vice*)
Kellogg, Huber, Hansen, Todd,
 Evans & Figel, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, DC 20036
Telephone: (202) 326-7921
mkellogg@khhte.com
apanner@khhte.com
wrinner@khhte.com

6

**CERTIFICATE OF SERVICE**

    I, David W. Upchurch, hereby certify that I have this day filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following registered participants:

    Alan W. Perry, Esq., MSB #4127
    Daniel J. Mulholland, Esq., #3643
    Walter H. Boone, Esq., #8651
    Forman, Perry, Watkins, Krutz & Tardy, LLP
    200 S. Lamar Street, Suite 100
    Jackson, MS 39201-4099
    Tel: 601-969-7833
    Fax: 601-960-8613
    aperry@fpwk.com

    Charles L. McBride, Esq., MSB #8995
    M. Patrick McDowell, Esq., MSB #9746
    Joseph A. Sclafani, Esq., MSB #99670
    Brian C. Kimball, Esq., MSB #100787
    Brunini, Grantham, Grower & Hewes, PLLC
    190 E. Capitol Street, Suite 100
    Jackson, MS 39201-2151
    Tel: 601-960-6891
    Fax: 601-960-6902
    cmcbride@brunini.com

    Walter T. Johnson, Esq., MSB #8712
    Watkins & Eager PLLC
    400 East Capitol Street, Suite 300 (39201)
    P.O. Box 650
    Jackson, MS 39205
    Tel: 601-965-1900
    Fax: 601-965-1901
    wjohnson@watkineager.com

    *Counsel for Plaintiffs Cellular South, Inc.*
    *Corr Wireless Communications, L.L.C. and*
    *CellularSouth Licenses, LLC*

    L.F. Sams, Jr.
    Otis R. Tims
    Margaret Sams Gratz
    Mitchell, McNutt & Sams, P.A.
    P.O. Box 7120
    Tupelo, MS 38802-7120
    ssams@mitchellmcnutt.com
    otims@mitchellmcnutt.com

    Roger G. Brooks, Esq.
    Yonatan Even, Esq.
    Cravath, Swaine & Moore, LLP
    Worldwide Plaza
    825 Eighth Avenue
    New York, NY 10019

    *Counsel for Defendant Qualcomm Inc.*

    Jim M. Greenlee, Esq.
    Holcomb, Dunbar, Watts, Best, Masters & Golmon
    400 South Lamar Blvd., Suite A
    P.O. Drawer 707
    Oxford, MS 39655
    jgreenlee@holcombdunbar.com

    John S. Gibson, Esq.
    Chahira Solh, Esq.
    Crowell & Moring, LLP
    3 Park Plaza, 20th Floor
    Irvine, CA 92614-8505

    *Counsel for Defendant Motorola Solutions, Inc.*

DATED this the 24th day of April, 2013.

                                            /s/ *David W. Upchurch*
                                            DAVID W. UPCHURCH