UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CORR WIRELESS
COMMUNICATIONS, L.L.C.,
CELLULAR SOUTH, INC., and
CELLULAR SOUTH LICENSES, LLC                                         PLAINTIFFS

V.                                            CIVIL ACTION NO. 3:12-CV-036-SA-SAA

AT&T, INC., AT&T MOBILITY LLC,
MOTOROLA SOLUTIONS, INC.,
MOTOROLA MOBILITY, INC.,
QUALCOMM INCORPORATED, and
JOHN DOES 1-10                                                       DEFENDANTS

**DEFENDANT QUALCOMM INCORPORATED'S COMBINED REPLY IN SUPPORT OF
ITS REQUEST FOR JUDICIAL NOTICE AND OPPOSITION TO PLAINTIFFS' MOTION
<u>TO EXCLUDE MATTERS OUTSIDE THE PLEADINGS</u>**

In connection with its Renewed Motion to Dismiss, Qualcomm has asked the Court to take judicial notice of four documents ("Judicial Notice Motion", Feb. 27, 2013, ECF No. 132): a page from Cellular South's public website that trumpets its LTE iPhone 5, and another touting its expanding LTE network coverage; the 3GPP "Working Procedures" document; and a set of comments submitted by Qualcomm in connection with the FCC's ongoing analysis (at the request of Cellular South, among others) of potential interference problems affecting Band 12. In response, Cellular South ("CS") has filed a rather confusing swirl of papers—including not only its opposition brief (Pls.' Resp. in Opp'n and Obj. to Def. Qualcomm's Req. for Jud. Not. ("CS Opp'n"), Apr. 3, 2013, ECF No. 140), but also a largely redundant "Motion to Exclude" (Pls.' Mot. To Exclude Matters Outside the Pleadings, or for

1337598

Other Relief, Apr. 3, 2013, ECF No. 143) that addresses these same documents,[1] as well as others as to which Qualcomm has not requested judicial notice.

The thrust of CS's response, however, is clear enough: CS demands that this Court weigh its Complaint, and Qualcomm's Renewed Motion to Dismiss, while disregarding a few simple facts that are "not subject to reasonable dispute", FED. R. EVID. 201(b)(2), and that CS indeed does not dare to deny.

The problem, of course, is that these few simple facts establish that CS has been cavalier with the truth in its Complaint and render its allegations of conspiracy and injury to competition all the more implausible. This Court is not required to accept patently contradictory or false allegations as true when considering a motion to dismiss, nor willfully blind itself to undisputed facts of public record. And contrary to CS's assertions, the Fifth Circuit has not pursued some idiosyncratic course that compels a different result. CS's efforts to argue otherwise seriously distort the law.

Each of Qualcomm's requests for judicial notice is squarely within the authorization (and indeed mandate) of Rule 201, and each is appropriate for purposes of considering the pending motion to dismiss.

THE LEGAL STANDARD

It is noteworthy that neither of CS's briefs quotes a single word from the governing Federal Rule. The reason for this is plain. As Qualcomm has previously set out (Judicial Notice Motion at 2), Rule 201 states that this Court "may judicially notice a *fact* that is not subject to reasonable dispute because it . . . can be accurately and readily determined from

---

[1] We suspect that CS's superfluous "Motion to Exclude" represents at least in part a ploy to get a "sur-reply" brief on these issues. However, we will not take the Court's time to dispute the proper number of briefs, as more words will not improve the strength of CS's arguments.

1337598 2

sources whose accuracy cannot reasonably be questioned," FED. R. EVID. 201(b)(2), and continues that "The court . . . *must* take judicial notice if a party requests it and the court is supplied with the necessary information", *id.* 201(c)(2).

CS would have it that judicial notice of the "truth" of any proposition is improper. (CS Opp'n at 4.) That is not the law. Judicial notice is not limited to the hearsay exception covering documents not "admitted for the truth of the matter asserted". FED. R. EVID. 801(c)(2). Instead, it is precisely judicial notice of "fact[s]" that the Rule authorizes. The test is whether the "*fact* . . . is not subject to reasonable dispute". *Id.* 201(b)(2).

No doubt, there will be many instances in which the "fact" that a document *makes* a particular "Statement X" "is not subject to reasonable dispute", while the *truth* of Statement X remains disputed. In that setting, the operation of Rule 201 would as a practical matter parallel the hearsay rule: judicial notice that the document makes Statement X would be appropriate, whereas judicial notice that Statement X is true would not be. (As discussed below, this is the situation for Qualcomm's comments to the FCC.) But where the underlying facts themselves are "not subject to reasonable dispute", then judicial notice of those facts, too, is equally authorized—and in some circumstances mandated—by the rule.

Further, judicial notice is appropriate "at any stage of the proceeding", *id.* 201(d), including on consideration of a motion to dismiss, *without* converting the motion to one for summary judgment.[2] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular . . . matters of which a

---

[2] CS's noises concerning conversion to a Rule 56 summary judgment proceeding are chaff: Qualcomm has been clear that it seeks judicial notice of these documents only and to the extent that such notice is appropriate for purposes of deciding its pending motion to dismiss.

1337598                                    3

court may take judicial notice."); *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 785 (5th Cir. 2007) ("matters of which the district court can take judicial notice" are "not considered matters outside the pleadings for purposes of conversion" (quoting WRIGHT ET AL., 5C FEDERAL PRACTICE & PROCEDURE § 1366 (3d ed. 2004))); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994) ("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record" without "convert[ing] th[e] motion into one for summary judgment."); *Dingle v. Halliburton Co.*, No. H-05-3719, 2006 WL 2729286, at *1 (S.D. Tex. Sept. 25, 2006) ("[A] court need not draw inferences from a plaintiff's complaint that contradict . . . matters of which judicial notice may be taken." (internal quotation marks omitted)); *Graves v. Tubb*, 281 F. Supp. 2d 886, 890 (N.D. Miss. 2003) ("[D]istrict courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss." (internal quotation marks omitted)); *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 405-06 (S.D.N.Y. 2001) ("[A] court need not feel constrained to accept as truth conflicting pleadings that make no sense, . . . or that are contradicted . . . by facts of which the court may take judicial notice.").[3] Indeed, CS's suggestion that if the Court chooses to take judicial notice of any facts then it must convert the proceeding to a Rule 56 summary judgment proceeding (Motion to Exclude at 3) makes no sense: the purpose of a Rule 56 proceeding is to give parties the opportunity to obtain and submit evidence on *disputed* points, whereas the purpose of Rule 201 is to allow consideration only of facts that are "*not* subject to reasonable dispute". The two procedures can never intersect.

---

[3] *See also Kew v. Bank of Am., N.A.*, No. H-11-2824, 2012 WL 1414978, at *3 n.4 (S.D. Tex. Apr. 23, 2012) (taking judicial notice of appraisal value of property on public website for purposes of assessing amount in controversy in ruling on a motion to dismiss); *Fed. Home Loan Mortg. Corp. v. Am. Home Mortg. Corp.*, No. 07-cv-1335-L, 2007 WL 2228619, at *1 n.2 (N.D. Tex. Aug. 3, 2007) (taking judicial notice of information on plaintiff Freddie Mac's public website to determine the terms and conditions of the contract between the parties).

Attempting to duck the widespread authority on this point, CS asserts that the Fifth Circuit takes a unique and far more restrictive view, one that is inconsistent with the text of Rule 201. It does not. CS is ignoring the precedents that it finds inconvenient, and is misreading the precedents it does cite.

As the cases cited on the preceding page establish, the Fifth Circuit and district courts in this Circuit regularly take judicial notice of the underlying "facts" reflected in documents—so long as those facts are not subject to reasonable dispute. And as to the cases that CS does cite (CS Opp'n at 2), these are all cases that either approve judicial notice of the fact that a document "says what it says",[4] or disapprove judicial notice of the truth of factual assertions where those assertions reasonably could be disputed.[5] In *none* of them did a court decline to take judicial notice, upon request, of any fact "not subject to reasonable dispute" after being "supplied with the necessary information", and none of them holds that it would ever be required (or even proper) to refuse to do so.

---

[4] In *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996), the Fifth Circuit quoted and approved Second Circuit precedent to adopt a general rule that courts *may* consider the contents of corporate SEC filings when evaluating motions to dismiss securities fraud cases, precisely to prevent cases from going forward on the basis of intentionally selective and misleading allegations *about* those documents, when the falsity or inadequacy of which might be detected by the simple expedient of reading the SEC filings. *See also In re Landry's Seafood Rest., Inc.,* No. H-99-1948, 2001 WL 34115784, at *1 n.8 (S.D. Tex. Feb. 20, 2001) (same). In *Warden v. Barnett,* 252 F.3d 1356, at *1 n.1 (5th Cir. 2001), the Fifth Circuit approved a district court's action in taking notice of a public filing for purposes of a "notice" analysis.

[5] In *Abecassis v. Wyatt*, 785 F. Supp. 2d 614 (S.D. Tex. 2011), the court (rightly) declined to accept a company's SEC filing as sufficient basis to justify judicial notice that the company's relationship with an affiliate was such as to insulate it from liability—an issue that was disputed and might well remain subject to "reasonable dispute" regardless of how the company chose to describe that relationship in its own filings. *Id.* at 651.

THE DOCUMENTS

A.   Qualcomm's March 31, 2010 FCC Submission and the 3GPP "Working Procedures"

Qualcomm first moved for judicial notice of these two documents on October 18, 2012, in connection with its opposition to CS's motion for leave to file the current amended complaint. (ECF No. 111.) On January 22, 2013, in the course of granting leave to amend, Magistrate Judge Alexander denied the request for judicial notice on the grounds that "the evidence contained in both exhibits is clearly at issue in both this civil action and the case before the FCC"—reasoning that does not follow the analysis called for by Rule 201. (ECF No. 124 at 1 n.1.) Qualcomm appealed that denial to this Court on February 5, 2013.[6] (ECF No. 126 at 2.) As promised in that appeal, Qualcomm has now moved for judicial notice of these two documents in the present Judicial Notice Motion.

**Exhibit E** to Qualcomm's Renewed Motion to Dismiss consists of comments submitted by Qualcomm to the FCC in connection with the FCC's pending "interoperability" rule-making process.[7] CS has attempted to buttress its "pretext" inference as to Qualcomm by asserting that the FCC "expressly rejected" Qualcomm's "'concerns' regarding base station filtering". (TAC ¶ 269.) Such a technical disagreement would not suggest "pretext" on Qualcomm's part in any event, even if the FCC were correct and Qualcomm were in error. (*See* Reply in Supp. of Qualcomm Inc.'s Renewed Mot. To Dismiss Pls.' Compl. at 3-7.) But there is no technical disagreement. A scan of Qualcomm's Comments will confirm that CS's allegation

---

[6] CS repeatedly states that "the court" has "previously refused judicial notice" of these documents. On the contrary, Qualcomm has properly appealed the ruling of Magistrate Judge Alexander, and this Court has never ruled on the question.

[7] This exhibit was attached as Ex. E to Qualcomm's Renewed Mot. to Dismiss Pls.' Compl., Feb. 27, 2013, ECF No.130-5; and was previously attached as Ex. B to Qualcomm's Resp. in Opp. to Pls.' Mot. for Leave to File a Second Am. Compl., Oct. 19, 2012, ECF No. 111-2.

is simply counterfactual: The Qualcomm submission raised concerns only about interference and filtering requirements in "devices"—which is to say handsets. (Ex. E at 2, 6.) It raised no concerns about "base station filtering" with which the FCC could have agreed or disagreed. (*Id.*) CS's attempt to infer "pretext" and bad faith from mere technical disagreement with the FCC thus fails at the first step; the alleged disagreement vanishes upon inspection. CS nowhere disputes that Exhibit E is an accurate copy of the Qualcomm comments referenced by the FCC in its Notice of Proposed Rulemaking, nor that Qualcomm has accurately characterized what these Qualcomm comments say. CS asserts that "Qualcomm now tells the Court that [this document is] not asserted to prove or disprove a fact". (CS Opp'n at 3.) Qualcomm has never told the Court any such thing; Qualcomm seeks judicial notice, however, only of the very modest "fact" that this document says what it says—that it raises concerns about interference with devices and not with "base stations". Qualcomm does not request judicial notice regarding the truth of any technical or other views expressed therein.[8] Judicial notice of this document is proper for the limited purpose requested.

**Exhibit F** to Qualcomm's Renewed Motion to Dismiss consists of the 3GPP "Working Procedures".[9] CS does not dispute that these are indeed the operative 3GPP standard-setting procedural rules. CS also does not allege that any defendant (or any entity) violated any actual provision of these rules in the course of the consideration and adoption of the standard for Band 17. (Comb. Mem. Br. in Resp. to Defs.' Second Mots. To Dismiss at 25, Apr. 3, 2013,

---

[8] For this reason, CS's lengthy and argumentative assertions about what various studies would show concerning interference (CS Opp'n at 4 & n.2) are irrelevant to this motion, and are merely attempts to mislead this Court into believing that there are factual disputes relevant to Qualcomm's motion to dismiss.

[9] This exhibit was attached as Ex. F to Qualcomm's Renewed Mot. to Dismiss Pls.' Compl., Feb. 27, 2013, ECF No.130-6; and was previously attached as Ex. A to Qualcomm's Resp. in Opp. to Pls.' Mot. for Leave to File a Second Am. Compl., Oct. 19, 2012, ECF No. 111-1.

ECF No. 150.) But CS does loudly invoke the case of *Allied Tube* to claim that Defendants in some indeterminate way misused the 3GPP process. (*Id*.) Qualcomm has asked the Court to take judicial notice of the 3GPP Working Procedures so that it will be aware that the 3GPP rules follow a "one organization, one vote" model that renders absolutely impossible the sort of "vote packing" maneuvers that were held abusive in *Allied Tube*. (Mem. of Law in Supp. of Def. Qualcomm. Inc.'s Renewed Mot. To Dismiss Pls.' Compl. ("QC Mem.") at 6-7, 20 & n.25, Feb. 27, 2013, ECF No. 131.) That these are the 3GPP rules, and what these rules say, is beyond "reasonable dispute"; indeed, CS does not dispute these facts and has conceded that "what they say may be judicially noticed". (Pls.' Resp. in Opp'n and Obj. to Defs. Qualcomm's and Motorola's Requests for Jud. Not. at 4, ECF No. 118.) Nothing more is required. Accordingly, judicial notice is appropriate under Rule 201. The fact that Qualcomm relies on the "truth" that these are the operative rules, and the fact that CS does not like the *implications* of what these rules say (*see* CS Opp'n at 4), is irrelevant to the propriety of judicial notice.

  B. <u>The C-Spire Webpages</u>

   CS's attempt to prevent the Court from taking judicial notice of its current public pronouncements on its own webpage is remarkably cynical.

   For CS's TAC to survive, it must plausibly allege (within the meaning of *Twombly*) harm to competition. (*See* QC Mem. at 23 & nn. 28-29.) CS's new ploy to attempt to meet this requirement is to allege that, as a result of the alleged conspiracy, competition is being harmed because CS is hindered from offering LTE cellular service, and is prevented from offering a Band 12 LTE iPhone 5. (TAC ¶¶ 3, 24-25, 152, 208, 276, 283.) But right now, on its consumer website, CS is trumpeting its extensive and rapidly expanding LTE coverage in city-

by-city detail, and is touting its LTE iPhone 5 as a "home page" promotion to consumers.[10] CS *concedes* that the factual matter on these public webpages "should not be in dispute". (*See* CS Opp'n at 2-3.) Indeed, these true facts are so commercially important to CS that we venture to predict that CS will not dare to "clean up" its story by taking down these pages. And while CS complains that these facts are being cited to "dispute well-pled facts" (CS Opp'n at 3), it notably does *not* claim that they are not *true* facts, or are disputable.

   The Court is absolutely entitled to know—and take into consideration—these facts while it is being told a sob story based on the theory that lack of a *Band 12* LTE iPhone 5 is somehow hindering CS's ability to compete in the alleged market for "wireless communications services".[11] Qualcomm has supplied the "necessary information" in the form of CS's own webpages.[12] According to Rule 201(c)(2), then, the Court should—indeed "must"—take judicial notice of these facts. CS complains that "Qualcomm most certainly attempts to use [these facts] to advance its theory of the case" (Opp'n at 3), as though there were something wrong with that. There is not. The whole point of judicial notice is to enable a court to take into consideration indisputable, true, and *relevant* facts, and to prevent courts from being misled, and the entire litigation process from being corrupted, by allegations that could be proved false by the simple expedient of referring to records that are "not subject to reasonable dispute".

---

[10] These webpages were attached as Exs. B (discussing the LTE network) and C (discussing the LTE phones and devices) to Qualcomm's Renewed Mot. to Dismiss Pls.' Compl., Feb. 27, 2013, ECF Nos. 130-2 & 130-3.

[11] *See Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of facts contained in document published on agency website); cases cited *supra* note 3.

[12] *Sheppard v. Tex. Dep't of Transp.*, 158 F.R.D. 592, 595 (E.D. Tex. 1994) (noting that "when a plaintiff does not attach a pertinent document to the complaint and the document contradicts the complaint, 'a defendant may introduce the exhibit as part of his motion attacking the pleading,'" and the Court may consider it in ruling on that motion to dismiss).

C. Other Documents

CS's Motion to Exclude also seeks to exclude two categories of documents as to which Qualcomm takes no position. First, CS seeks to exclude three documents of which Qualcomm sought judicial notice in connection with its prior Motion to Dismiss CS's First Amended Complaint: Verizon's Comments submitted to the FCC (ECF No. 67-3); an article by Phil Goldstein (ECF No. 67-7); and CS's complaint against Samsung (ECF No. 67-8). (*See* Req. For Jud. Not. of Matters Relevant to Def. Qualcomm's Mot. to Dismiss Pls.' Compl., May 23, 2012, ECF No. 69.) Although Qualcomm believes judicial notice of these documents would be well founded, and CS did not oppose that earlier motion for judicial notice, Qualcomm has not requested judicial notice of these documents in connection with its Renewed Motion to Dismiss and does not cite them in its papers, and accordingly takes no position on the Motion to Exclude as to these documents. Second, CS moves to exclude two of Motorola's documents: a Declaration of Chahira Solh (ECF No. 70-1); and Comments that CS submitted to the FCC (ECF No. 70-1, Ex. D). Qualcomm likewise has not requested judicial notice of these documents in connection with its Renewed Motion to Dismiss and does not cite them in its papers, and accordingly takes no position on the propriety of judicial notice of any aspect or contents of these Motorola documents for any particular purpose.[13]

CONCLUSION

For the foregoing reasons, the Court may properly take judicial notice of Exhibits B, C, E and F to Qualcomm's Renewed Motion to Dismiss Plaintiffs' Complaint and may properly consider those documents in ruling on the sufficiency of CS's Third Amended

---

[13] CS also moves to exclude the Declaration of L. F. Sams in Support of Qualcomm's Renewed Motion to Dismiss. CS Opp'n at 3. That Declaration is a non-substantive declaration that merely authenticates documents, including the documents for which Qualcomm seeks judicial notice, and there is no reason to exclude it.


Complaint. The Court should deny CS's Motion to Exclude at least as to the request to exclude Exhibits B, C, E and F to Qualcomm's Renewed Motion to Dismiss Plaintiffs' Complaint.

Dated: April 24, 2013

Respectfully submitted,

/s/ L.F. Sams, Jr.
_____

L. F. Sams, Jr. (MSB #6426)
Otis R. Tims (MSB #8221)
Margaret Sams Gratz (MSB #99231)
MITCHELL MCNUTT & SAMS, P.A.
P.O. Box 7120
Tupelo, MS 38802
(662) 842-3871
ssams@mitchellmcnutt.com
otims@mitchellmcnutt.com
mgratz@mitchellmcnutt.com

Roger G. Brooks
Yonatan Even
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
(212) 474-1000
rgbrooks@cravath.com
yeven@cravath.com

*Attorneys for Defendant Qualcomm Incorporated*

## **CERTIFICATE OF SERVICE**

I, L. F. Sams, Jr., one of the attorneys for defendant Qualcomm Incorporated, hereby certify that I have electronically filed the foregoing "Defendant Qualcomm Incorporated's Combined Reply in Support of Its Request for Judicial Notice and Opposition to Plaintiffs' Motion to Exclude Matters Outside the Pleadings" with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

*Attorneys for Plaintiffs:*

**Alan W. Perry**
**Daniel J. Mulholland**
**Walter H. Boone**
Forman Perry Watkins Krutz & Tardy, LLP
City Centre, Suite 200
200 South Lamar Street
Jackson, MS 39201

**Charles L. McBride, Jr.**
**M. Patrick McDowell**
**Joseph A. Sclafani**
**Brian C. Kimball**
Brunini Grantham Grower & Hewes, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, MS 39201

**Walter T. Johnson**
Watkins & Eager, LLC
P.O. Box 650
Jackson, MS 39205

*Attorney for Defendants AT&T, Inc. and AT&T Mobility, LLC:*

**Aaron M. Panner**
**Kenneth M. Fetterman**
**Michael K. Kellogg**
**William J. Rinner**
Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC
1615 M Street NW, Suite 400
Washington, D.C. 20036

1337598

**David W. Upchurch**
Holland Ray Upchurch and Hillen
P.O. Drawer 409
Tupelo, MS 38802-0409

*Attorneys for Defendant Motorola Solutions, Inc.:*

**Chahira Solh**
**John S. Gibson**
**Jason C. Murray**
Crowell & Moring, LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614

**Jim Ming Greenlee**
**James D. Johnson**
Holcomb Dunbar—Oxford
Post Office Box 707
Oxford, MS 38655-0707

    This the 24th day of April, 2013.

                              /s/ L. F. Sams, Jr.
                                L. F. Sams, Jr.