UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

| | |
|---|---|
| CORR WIRELESS COMMUNICATIONS, L.L.C., CELLULAR SOUTH, INC., and CELLULAR SOUTH LICENSES, LLC | PLAINTIFFS |
| vs. | CIVIL ACTION NO. 3:12-cv-036-SA-SAA |
| AT&T, INC., AT&T MOBILITY LLC, MOTOROLA SOLUTIONS, INC., MOTOROLA MOBILITY, INC., QUALCOMM INCORPORATED, and JOHN DOES 1-10 | DEFENDANTS |

### MOTOROLA'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE MATTERS OUTSIDE THE PLEADINGS, OR FOR OTHER RELIEF

Defendants Motorola Mobility LLC (f/k/a Motorola Mobility, Inc.) and Motorola Solutions, Inc. (collectively, "Motorola") submit this Response in Opposition to Plaintiffs' Motion to Exclude Matters Outside the Pleadings, or for Other Relief [Dkt. 143] (the "Motion").[1]

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (internal quotation marks and citation omitted). *See*

---

[1] The relief that Plaintiffs seek in their Motion is unclear. Plaintiffs identify only "[s]ome of the matters within the scope of the [Motion]," which "include, but are not limited to," the Declaration of Chahira Solh in Support of Defendant Motorola Mobility, Inc.'s Motion to Dismiss Plaintiffs' Complaint [Dkt. 70] and Exhibit D to that Declaration. (Mot. at 2.) Yet in the Memorandum Briefs [Dkts. 138 and 157] (the "Memorandum Briefs") supporting its Motion to Dismiss Plaintiffs' Third Amended and Supplemental Complaint [Dkt. 136] (the "Motion to Dismiss"), Motorola does not reference these two documents. This Response in Opposition to the Motion therefore addresses the four documents that Motorola does reference in the Memorandum Briefs. Motorola respectfully requests the right to a sur-rebuttal in the event that Plaintiffs hereafter identify additional documents subject to the Motion or otherwise provide clarification on the relief they seek in the Motion.

*also Salts v. Moore*, 107 F. Supp. 2d 732, 735 (N.D. Miss. 2000). Accordingly, Motorola has referred the Court to the following four documents:

    1.    Exhibit C to the Declaration of Chahira Solh in Support of Defendants Motorola Mobility, Inc.'s and Motorola Solutions, Inc.'s Rebuttal in Support of Motion to Dismiss Plaintiffs' Complaint [Dkt. 91-1] (the "Solh Declaration"), a discussion paper entitled On the Introduction of Band 15.

    2.    Exhibit D to the Solh Declaration, a discussion paper entitled TS36.101: Lower 700 MHz Band 15.

    3.    Exhibit F to the Solh Declaration, Comments of Research In Motion Corporation filed on June 1, 2012 in *Promoting Interoperability in the 700 MHz Commercial Spectrum*, WT Docket No. 12-69 (Fed. Commc'ns Comm'n).

    4.    Exhibit H to the Solh Declaration, a Notice of Proposed Rulemaking issued on March 21, 2012 in *Promoting Interoperability in the 700 MHz Commercial Spectrum*, WT Docket No. 12-69 (Fed. Commc'ns Comm'n).

Plaintiffs contest the Court's discretion to consider these documents. This challenge, however, rests improperly on Plaintiffs' apparent misapprehension of the law, the nature of the documents, and the purpose of considering the documents.

The operative Third Amended and Supplemental Complaint (the "TAC") references Exhibits C, D, and H to the Solh Declaration. Exhibit D, for example, is referenced in Paragraph 189 of the TAC. It is the paper that Motorola submitted to the 3rd Generation Partnership Project (the "3GPP"), recommending Band 17. Because Plaintiffs allege that Exhibit D effectively commenced implementation of the conspiracy underlying Plaintiffs' claims against Motorola, Exhibit D is central to the claims in this case. (*See* Combined Memorandum

Brief in Response to Defendants' Second Motions to Dismiss [Dkt. 150] (the "Opposition") at 42–43.)

Exhibit C to the Solh Declaration is the paper that Ericsson submitted to the 3GPP, referenced in Paragraphs 194 and 225 of the TAC. According to the Opposition, Exhibit C "gives credence to [Plaintiffs'] allegations that the technical justifications for Band 17 were false." (Opp'n at 34.) These allegations are central to the claims in this case. (*See* Opp'n at 2 ("The centrality of this issue—the pretextual nature of the interference justifications—to the entire case cannot be overstated.").) Exhibit C itself is therefore central to the claims in this case.

Exhibit H to the Solh Declaration is the Federal Communications Commission's (the "FCC") Notice of Proposed Rulemaking, referenced in Paragraph 269 of the TAC. Like Exhibit C, Exhibit H functions to "demonstrat[e] that interference did not justify the creation of Band 17, and that Defendants' statements to the contrary were false, pretextual, and a ruse to cover their true motive." (Opp'n at 15–16.) And like Exhibit C, Exhibit H is therefore central to the claims in this case.

In essence, Exhibits C, D, and H to the Solh Declaration are documents referenced by the operative complaint and thereby incorporated into the operative complaint by reference. And Exhibits C, D, and H are documents central to the claims in this case. The Court may therefore properly rely on Exhibits C, D, and H to the Solh Declaration in deciding Motorola's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (noting that on a Rule 12(b)(6) motion, the court may consider documents that "are central to the claim and referenced by the complaint").

In addition or in the alternative, the Court may properly rely on Exhibits C, D, and H to the Solh Declaration, as well as Exhibit F to the Solh Declaration, because these documents constitute matters of which the Court may take judicial notice. On a motion to dismiss, this Court may take judicial notice of "matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) ("[I]t is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record."). In particular, the Court may take judicial notice of documents filed with an administrative agency. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n.2 (5th Cir. 2005) (A "court may . . . take judicial notice of documents in the public record, including documents filed with [an administrative agency], and may consider such documents in determining a motion to dismiss.").

As noted above, Exhibits C and D to the Solh Declaration are papers submitted to the 3GPP. Exhibit F to the Solh Declaration are Comments that Research In Motion Corporation filed with the FCC, an administrative agency. And, as noted above, Exhibit H is a Notice of Proposed Rulemaking that the FCC issued. These four Exhibits are publicly available documents[2] and are thus matters of public record ripe for judicial notice.

Plaintiffs appear to take issue with documents referenced "for the substance" of statements of "disputed facts" in the documents. (Mot. at 1–2; Opp'n at 17–18.) As evident in the Memorandum Briefs, however, Motorola references Exhibits C, D, F, and H to the Solh

---

[2] *See* Ericsson, On the Introduction of Band 15 (3rd Generation Partnership Project RAN Working Group 4, Discussion Paper No. R4-081356, 2008), *available at* http://www.3gpp.org/ftp/tsg_ran/WG4_Radio/TSGR4_47bis/Docs/R4-081356.zip; Motorola, TS36.101: Lower 700 MHz Band 15 (3rd Generation Partnership Project RAN Working Group 4, Discussion Paper No. R4-081108, 2008), *available at* http://www.3gpp.org/ftp/tsg_ran/WG4_Radio/TSGR4_47/Docs/R4-081108.zip; Comments of Research In Motion Corporation, *Promoting Interoperability in the 700 MHz Commercial Spectrum*, WT Docket No. 12-69 (Fed. Commc'ns Comm'n June 1, 2012), *available at* http://apps.fcc.gov/ecfs/document/view?id=7021921460.

Declaration not for the truth of statements in the Exhibits. Rather, Motorola references the Exhibits for the fact of their existence, as documents demonstrating that Plaintiffs' claims are implausible. In its Opening Memorandum Brief, for example, Motorola refers to Exhibit C in discussing Plaintiffs' claim that the "'decision to create Band 17 was made on the basis of [the analyses of AT&T, Qualcomm, and Motorola] alone.'" (Opening Br. at 10–11 (quoting TAC ¶ 224).) Motorola then explains that this claim is implausible, given the existence of Exhibit C, a document demonstrating that in 3GPP proceedings, Ericsson stated: "There are indeed some technical benefits of introducing Band [17]." (Opening Br. at 11 (internal quotation marks and citation omitted).) That is, Motorola does not seek judicial notice of any statement in Exhibit C that Band 17 confers some technical benefits. Rather, Motorola seeks judicial notice of the existence of Exhibit C, as a document that demonstrates that comments from a company not named as a conspirator informed the 3GPP's decision to create Band 17, thus rendering implausible the claim that the decision to create Band 17 transpired "in the 'absence of any presentation or consideration [of] other viewpoints.'" (Opening Br. at 10–11 (quoting TAC ¶ 250).)

Similarly, Motorola seeks judicial notice of the existence of Exhibit D, as a document that demonstrates that in proposing Band 17, Motorola provided a legitimate business reason for supporting Band 17, thus rendering implausible the claim that Motorola's support of Band 17 was "against its own self-interest." (*See* Opening Br. at 7–8.) Motorola likewise seeks judicial notice of the existence of Exhibit F, as a document that demonstrates that a manufacturer of devices other than Motorola provided a legitimate business reason for supporting Band 17, thus rendering implausible the claim that Motorola's support of Band 17 was "against its own self-interest." (*See* Rebuttal Br. at 8.) And Motorola seeks judicial notice of the existence of

Exhibit H, as a document that demonstrates issues that the FCC has or has not addressed. (*See* Opening Br. at 17 n.6.)

Plaintiffs then contend that the Court must deem Motorola's Motion to Dismiss as a motion for summary judgment, providing no explanation and citing no authority. This contention is in fact contrary to controlling authority. *See, e.g.*, *Davis v. Bayless, Bayless & Stokes*, 70 F.3d 367, 372 n.3 (5th Cir. 1995) (noting that the district court did not err in dismissing claims on a motion to dismiss, rather than treating the motion as one for summary judgment because "[f]ederal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss"). If, however, the Court concludes that considering one or more of Exhibits C, D, F, and H to the Solh Declaration would require the Court to convert Motorola's Motion to Dismiss to a motion for summary judgment, Motorola respectfully requests that the Court disregard those Exhibits and preserve Motorola's motion as one to dismiss under Federal Rule of Civil Procedure 12(b)(6).

In sum, Motorola respectfully requests that the Court deny Plaintiffs' Motion and, on the Motion to Dismiss, consider Exhibits C, D, F, and H to the Solh Declaration, as documents that the TAC referenced and incorporated by reference and/or as matters of public record that are properly subject to judicial notice under Federal Rule of Evidence 201.

Dated:  April 24, 2013

Respectfully submitted,

*s/ Jim M. Greenlee*_____
Jim M. Greenlee, MSB # 5001
James D. "J.D." Johnson, MSB # 102242
HOLCOMB, DUNBAR, WATTS, BEST,
MASTERS & GOLMON
400 South Lamar Blvd., Suite A
P.O. Drawer 707
Oxford, Mississippi 38655
Telephone:     (662) 234-8775
Facsimile:     (662) 238-7552
jgreenlee@holcombdunbar.com
jdjohnson@holcombdunbar.com

John S. Gibson (admitted *pro hac vice*)
Chahira Solh (admitted *pro hac vice*)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California  92614-8505
Telephone:     (949) 263 8400
Facsimile:     (949) 263 8414
jgibson@crowell.com
csolh@crowell.com

Jason C. Murray (admitted *pro hac vice*)
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California  90071
Telephone:     (213) 622-4750
Facsimile:     (213) 622-2690
jmurray@crowell.com

*COUNSEL FOR DEFENDANTS
MOTOROLA MOBILITY LLC (f/k/a Motorola
Mobility, Inc.) AND MOTOROLA
SOLUTIONS, INC.*

**CERTIFICATE OF SERVICE**

    I, JIM M. GREENLEE, of the firm of HOLCOMB, DUNBAR, WATTS, BEST, MASTERS & GOLMON, do hereby certify, that on **April 24, 2013**, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Alan Walter Perry
FORMAN, PERRY, WATKINS, KRUTZ &
TARDY, PLLC
P.O. Box 22608
Jackson, MS 39225-2608
Email: aperry@fpwk.com

Brian Craig Kimball
BRUNINI, GRANTHAM, GROWER &
HEWES
P. O. Drawer 119
Jackson, MS 39205-0119
Email: bkimball@brunini.com

Charles Louis McBride , Jr.
BRUNINI, GRANTHAM, GROWER &
HEWES
P. O. Drawer 119
Jackson, MS 39205-0119
Email: cmcbride@brunini.com

Daniel J. Mulholland
FORMAN, PERRY, WATKINS, KRUTZ &
TARDY, PLLC
P.O. Box 22608
Jackson, MS 39225-2608
Email: mulhollanddj@fpwk.com

Martin Patrick McDowell
BRUNINI, GRANTHAM, GROWER &
HEWES
P. O. Drawer 119
Jackson, MS 39205-0119
Email: pmcdowell@brunini.com

Walter H. Boone
FORMAN, PERRY, WATKINS, KRUTZ &
TARDY, PLLC
P.O. Box 22608
Jackson, MS 39225-2608
Email: whboone@fpwk.com

Walter T. Johnson
WATKINS & EAGER
P. O. Box 650
Jackson, MS 39205-0650
Email: wjohnson@watkinseager.com

David W. Upchurch
HOLLAND RAY UPCHURCH AND
HILLEN
P.O. Drawer 409
Tupelo, MS 38802-0409
Email: dwu@hruhpa.com

Joseph Anthony Sclafani
BRUNINI, GRANTHAM,
P. O. Drawer 119
Jackson, MS 39205-0119
Email: jsclafani@brunini.com

Margaret Sams Gratz
MITCHELL, MCNUTT & SAMS - Tupelo
P. O. Box 7120
Tupelo, MS 38802-7120
Email: mgratz@mitchellmcnutt.com

Yonatan Even
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Email: yeven@cravath.com

Aaron M. Panner
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL PLLC
1615 M Street NW, Suite 400
Washington State, DC 20036
Email: apanner@khhte.com

Michael K. Kellogg
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL PLLC
1615 M Street NW, Suite 400
Washington State, DC 20036
Email: mkellogg@khhte.com

Katie L. Wallace
BRUNINI, GRANTHAM, GROWER &
HEWES
P. O. Drawer 119
Jackson, MS 39205-0119
Email: kwallace@brunini.com

L. F. Sams, Jr.
MITCHELL, MCNUTT & SAMS
P. O. Box 7120
Tupelo, MS 38802-7120
Email: ssams@mitchellmcnutt.com

Roger G. Brooks
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Email: rgbrooks@cravath.com

Otis R. Tims
MITCHELL, MCNUTT & SAMS
P. O. Box 7120
Tupelo, MS 38802-7120
Email: otims@mitchellmcnutt.com

Kenneth M. Fetterman
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL PLLC
1615 M. Street NW, Suite 400
Washington State, DC 20036
Email: kfetterman@khhte.com

William J. Rinner
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL PLLC
1615 M. Street NW, Suite 400
Washington, DC 20036
Email: wrinner@khhte.com

Carrie R. Bierman
CRAVATH SWAINE & MOORE, LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Email: cbierman@cravath.com

Dated this, the 24th day of April, 2013

*s/ Jim M. Greenlee*
JIM M. GREENLEE

IRACTIVE-5813833.3