**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**CORR WIRELESS COMMUNICATIONS, L.L.C., CELLULAR SOUTH, INC., and CELLULAR SOUTH LICENSES, LLC** — **PLAINTIFFS**

**VS.** — **CIVIL ACTION NO. 3:12-cv-036-SA-SAA**

**AT&T, INC., AT&T MOBILITY LLC, MOTOROLA SOLUTIONS, INC., MOTOROLA MOBILITY, INC., QUALCOMM INCORPORATED, and JOHN DOES 1-10** — **DEFENDANTS**

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO EXCLUDE MATTERS OUTSIDE THE PLEADINGS, OR FOR OTHER RELIEF**

Plaintiffs Corr Wireless Communications, L.L.C., Cellular South, Inc., and Cellular South Licenses, LLC (collectively, Cellular South) submit this reply in support of their Motion to Exclude Matters Outside the Pleadings, or for Other Relief [DN 143].

## I. THE MATTERS ON WHICH THE PARTIES AGREE.

Motorola and Qualcomm replied to Cellular South's motion, and there are some matters on which the parties agree.

First, all parties agree this Court cannot and should not convert the motions to dismiss of Motorola, Qualcomm, and AT&T Mobility into motions for summary judgment. [DN 158, at 6 (Motorola); DN 156, at 4 (Qualcomm).] The motions to dismiss are not appropriate vehicles to resolve disputed factual issues, including in particular whether interference required the creation of Band 17.

However, if the Court considers information outside the pleadings to resolve the question of whether the interference claims advanced by the Defendants justified the creation of Band 17,

then those portions of the motions to dismiss should be deemed motions for summary judgment, and Cellular South should be given notice, an opportunity for discovery, and a reasonable period after such discovery to present additional materials in response to the motions.

Second, no party argues that the Court should take judicial notice of the following documents:

| **Document** | **Pleading** |
|---|---|
| 700 MHz Mobile Equipment Capability, RM-11592, *Comments of Verizon Wireless*, March 31, 2010 | 67-3, Ex. C |
| Phil Goldstein, *C Spire promises 'full suite' of LTE devices for September launch,* FierceWireless, April 2, 2012, available at http://www.fiercewireless.com/story/c-spire-promises-full-suite-ltedevices-september-launch/2012-04-02 | 67-7, Ex. G |
| Complaint, *Cellular South, Inc. v. Samsung Telecomms. Am., LLC*, No. CI2011-cv-273 (Madison County, Miss. Cir. Ct., Aug. 1, 2011), ECF No. 1. | 67-8, Ex. H |
| Comments filed on December 22, 2009 in Nat'l Broadband Plan Pub. Notice #26, GN Docket Nos. 09-47, 09-51, 09-137 (Fed. Commc'ns Comm'n), as obtained from http://apps.fcc.gov/ecfs/document/view?id=7020354203 | 70-1, Ex. D |

[DN 158, at 1 n. 1 (Motorola); DN 156 at 10 (Qualcomm).]

Third, no party objects to the Court's consideration of the following documents, all of which are referenced in the TASC, and *none of which were the subject of Cellular South's Motion to Exclude*:

| **Document** | **Pleading** |
|---|---|
| Motorola's paper entitled "On the Introduction of Band 15" | 91-1, Ex. C |
| Ericsson's paper entitled TS36.101: Lower 700 MHz Band 15 | 91-1, Ex. D |
| Notice of Proposed Rulemaking issued on March 21, 2012 in Promoting Interoperability in the 700 MHz Commercial Spectrum, WT Docket No. 12-69 (Fed. Commc'ns Comm'n) | 91-1, Ex. H |

Cellular South agrees that the Court can and should consider the Motorola paper entitled "On the Introduction of Band 15." Cellular South has pled that Motorola's paper was a statement by

Motorola to 3GPP of pretextual interference claims in furtherance of its conspiracy with AT&T Mobility, AT&T Inc., and Qualcomm. *E.g.*, TASC, ¶¶189-192, 199, 251-273 [DN 125]. Cellular South obviously and expressly disputes the truth of the contents of Motorola's paper with respect to whether interference justified the creation of Band 17. Indeed, Cellular South has maintained from the commencement of this action that the interference concerns stated in Motorola's discussion paper were pretextual.

## II. QUALCOMM'S COMMENTS IN THE INTEROPERABILITY PROCEEDING.

Cellular South opposes Qualcomm's request that the Court take judicial notice of Qualcomm's Comments in the Interoperability Proceeding. Qualcomm's Comments are found at DN 111-2 and 130-5. Motorola has taken no position on this document.

Qualcomm's Comments should not be considered. Qualcomm relies on its Comments to prove the truth of their contents – i.e., the existence of interference and filtering requirements in Band 12 devices. *See* Memorandum of Law in Support of Defendant Qualcomm Incorporated's Renewed Motion to Dismiss Plaintiffs' Complaint, at 18 and 18 n. 24 [DN 131] ("while warning that devices operating on Band 12 might experience problematic interference near Channel 51 and Channel 56 transmissions…" and "a grant of the [interoperability] Petition would increase the potential for interference within the Lower and Upper 700 MHz bands"). Cellular South has pled there is no such interference requiring the creation of Band 17. Thus, this is a disputed issue of fact.

As Magistrate Judge Alexander has already held with respect to Qualcomm's previous motion to take judicial notice of this same document, whether interference required the creation of Band 17 is "clearly at issue in both this civil action and the case before the FCC," and therefore judicial notice is inappropriate. *See* Order Granting Motion for Leave to File Amended

Complaint, at 1 n. 1 [DN 124]. This Court should again refuse to take judicial notice of Qualcomm's Comments for the truth of their contents.

**III. THE 3GPP WORKING PROCEDURES.**

Cellular South opposes Qualcomm's request that the Court take judicial notice of the 3GPP working procedures. The 3GPP working procedures are found at DN 111-1 and 130-6. Motorola has taken no position on this document.

Qualcomm relies on the 3GPP working procedures to disprove Cellular South's allegations, rather than challenge their sufficiency, and therefore has proffered the 3GPP working procedures for the truth of their contents. *See* Memorandum of Law in Support of Defendant Qualcomm Incorporated's Renewed Motion to Dismiss Plaintiffs' Complaint, at 20 and 20 n. 25 [DN 131]. Qualcomm attempts to use the 3GPP working procedures to prove that – notwithstanding the allegations of the TASC (e.g., TASC ¶¶ 209-237 [DN 125]) – the interference issues in dispute here were in fact considered fairly and resolved on the merits at 3GPP and that anticompetitive motivations played no part in that process.

As Magistrate Judge Alexander has also already held in connection with Qualcomm's previous motion to take judicial notice of this document, what happened at 3GPP is "clearly at issue in both this civil action and the case before the FCC," and therefore judicial notice is inappropriate. *See* Order Granting Motion for Leave to File Amended Complaint, at 1 n. 1 [DN 124]. This Court should again refuse to take judicial notice of the 3GPP working procedures for the truth of their contents.

**IV. THE C-SPIRE WEB PAGES.**

Cellular South opposes Qualcomm's request that the Court take judicial notice of the C-Spire (the trade name for Cellular South) web pages describing C-Spire's 4G-LTE network

coverage and the devices sold. The C-Spire web pages are found at DN 130-2 and 130-3. Motorola has taken no position on these documents.

Qualcomm argues that the web pages prove Cellular South is offering an iPhone 5 on a 4G-LTE network, and that neither Cellular South nor competition has been harmed by Defendants' anticompetitive activities. *See* Memorandum of Law in Support of Defendant Qualcomm Incorporated's Renewed Motion to Dismiss Plaintiffs' Complaint, at 3-4, 13, 24 [DN 131]. Qualcomm's argument avoids the issues involved in this litigation: that there is no iPhone available on Band 12; that Cellular South's current 4G-LTE offerings are stopgap, mitigative measures, which are limited in coverage and capacity; and that Cellular South and competition have been, and continue to be, harmed by Cellular South's inability to offer 4G-LTE devices, such as the iPhone 5, on its superior, $200 million worth of Band 12 spectrum, all due to the actions and conspiracies of Defendants. *See* Combined Memorandum Brief in Response to Defendants' Second Motions to Dismiss, at 55-58 [DN 150]. Qualcomm's arguments related to the C-Spire web pages are: (a) factually misdirected because they ignore that this case involves complaints about hindering Cellular South in using its Band 12 spectrum; and (b) have no place in a motion to dismiss.

**V. THE RESEARCH IN MOTION COMMENTS.**

Cellular South opposes Motorola's request that the Court take judicial notice of the Comments of Research In Motion Corporation filed on June 1, 2012, in Promoting Interoperability in the 700 MHz Commercial Spectrum, WT Docket No. 12-69 (Fed. Commc'ns Comm'n). The Research in Motion Comments are found at DN 91-1, Exhibit F. Qualcomm has taken no position on this document.

Motorola did not cite the Research in Motion Comments in its Motion to Dismiss Plaintiffs' Third Amended and Supplemental Complaint [DN 136] or its Memorandum Brief in Support of Motion to Dismiss Third Amended and Supplemental Complaint [DN 138]. Motorola cited the Research in Motion Comments in its Rebuttal Memorandum Brief in Support of Motion to Dismiss Third Amended and Supplemental Complaint [DN 157], filed three weeks after Cellular South's Motion to Exclude [DN 143]. Accordingly, Cellular South's Motion to Exclude did not expressly mention the Research in Motion Comments for which Motorola later sought judicial notice. Cellular South's Motion to Exclude included a general request for relief as to documents outside the pleadings on which Motorola might try to rely, and whether the Court should take judicial notice of the Research in Motion Comments has now been appropriately joined.

Motorola's Rebuttal Memorandum Brief In Support of Motion to Dismiss brazenly relies on the truth of the contents of the Research in Motion Comments to prove the existence of relevant interference affecting Band 12 devices – even while it denies that it does so. *Compare* Motorola Rebuttal Memorandum, at 8 [DN 157], *with* Motorola Response to Motion to Exclude, at 4-5 [DN 158]. Whether there is relevant device interference in Band 12 is unquestionably in dispute. This Court cannot take judicial notice of the truth of the contents of the Research in Motion Comments to resolve this factual issue on Motorola's motion to dismiss. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). Motorola's argument (at page 4 of its brief [DN 158]) that the Court may take judicial notice of the truth of the statements in the Research in Motion Comments merely because those comments are "matters of public record" and have been "filed with [an administrative agency]" is frivolous and contradicted by the very case cited by Motorola to support it. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir.

2005) (citing the *Lovelace* holding that "such documents should be considered only for their content and not for the truth of the statements contained therein"). The Court should not take judicial notice of the Research in Motion Comments.

## VI. CONCLUSION.

The Court should not convert Defendants' motions to dismiss into motions for summary judgment on the interference issue which is the subject of most of the extraneous material, since this is a very complicated factual issue and cannot be resolved in such a manner at this time. For the reasons noted above, the Court should refuse to take judicial notice of the Qualcomm Comments, the 3GPP working procedures, the C-Spire web pages, and the Research in Motion Comments.

DATED: May 13, 2013.

Respectfully submitted,

/s/ Walter H. Boone

Alan W. Perry, MSB #4127
Daniel J. Mulholland, MSB #3643
Walter H. Boone, MSB #8651
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
City Centre, Suite 200
200 South Lamar Street
Jackson, Mississippi 39201
Tel.: 601-969-7833
Fax: 601-960-8613
aperry@fpwk.com
boonewh@fpwk.com
mulhollanddj@fpwk.com

Charles L. McBride, Jr., MSB #8995
M. Patrick McDowell, MSB # 9746
Joseph A. Sclafani, MSB #99670
Brian C. Kimball, MSB #100787
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
The Pinnacle Building, Suite 100
190 East Capitol Street
Jackson, Mississippi 39201

Tel.: 601-960-6891
Fax: 601-960-6902
cmcbride@brunini.com

Walter T. Johnson, MSB#8712
WATKINS & EAGER PLLC
400 East Capitol Street, Suite 300 (39201)
P. O. Box 650
Jackson, MS 39205
Phone: 601-965-1900
Fax: 601- 965-1901
wjohnson@watkinseager.com

*Counsel for Plaintiffs Cellular South, Inc., Corr Wireless Communications, L.L.C. and Cellular South Licenses, LLC*

**CERTIFICATE OF SERVICE**

I certify that on May 13, 2013, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

***Attorneys for Defendants AT&T Mobility LLC, and AT&T, Inc.***

David W. Upchurch
Holland Ray Upchurch and Hillen
P.O. Drawer 409
Tupelo, MS 38802-0409
dwu@hruhpa.com

Michael K. Kellogg (PHV)
William J. Rinner (PHV)
Kenneth M. Fetterman (PHV)
Aaron M. Panner (PHV)
Kellogg, Huber, Hansen, Todd, Evans & Figel P.L.L.C.
1615 M. Street NW, Suite 400
Washington, D.C. 20036
mkellogg@khhte.com
wrinner@khhte.com
kfetterman@khhte.com
apanner@khhte.com

***Attorneys for Defendant Qualcomm Incorporated***

L.F. Sams, Jr.
Margaret Sams Gratz
Otis R. Tims
Mitchell McNutt & Sams, P.A.
P.O. Box 7120
Tupelo, MS 38802
ssams@mitchellmcnutt.com
mgratz@mitchellmcnutt.com
otims@mitchellmcnutt.com

Yonatan Even (PHV)
Roger G. Brooks (PHV)
Cravath, Swaine & Moore LLP
Worldwide Plaza
825 8th Avenue
New York, New York 10019
yeven@cravath.com
rgbrooks@cravath.com

***Attorneys for Defendant Motorola Mobility, Inc.***

Jim M. Greenlee
James D. Johnson
Holcomb, Dunbar, Watts, Best, Masters & Golmon
400 S. Lamar, Ste. A
P.O. Drawer 707
Oxford, MS 38655
jgreenlee@holcombdunbar.com
jdjohnson@holcombdunbar.com

John S. Gibson (PHV)
Chahira Solh (PHV)
Crowell & Moring LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
jgibson@crowell.com
csolh@crowell.com

Jason C. Murray (PHV)
Crowell & Moring LLP
515 South Flower Street, 40th Floor
Los Angeles, CA 90071
jmurray@crowell.com

THIS, the 13th day of May, 2013.

/s/ Walter H. Boone________