UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CORR WIRELESS**
**COMMUNICATIONS, L.L.C.,**
**CELLULAR SOUTH, INC., and**
**CELLULAR SOUTH LICENSES, LLC**                                  **PLAINTIFFS**

vs.                                              CIVIL ACTION NO. 3:12-cv-036-SA-SAA

**AT&T, INC., AT&T MOBILITY LLC,**
**MOTOROLA SOLUTIONS, INC.,**
**MOTOROLA MOBILITY, INC.,**
**QUALCOMM INCORPORATED, and**                                    **DEFENDANTS**
**JOHN DOES 1-10**

**MOTOROLA'S RESPONSE IN OPPOSITION
TO PLAINTIFFS' MOTION TO ALTER OR AMEND ORDER PURSUANT TO
F.R.C.P. 59(e)**

Plaintiffs' motion for reconsideration should be denied for two reasons. *First*, the motion improperly urges the Court to consider matters that could have been raised prior to entry of judgment and attempts to rehash old evidence, legal theories, and arguments. Plaintiffs thus fail to carry their heavy burden under Federal Rule of Civil Procedure 59(e). *Second*, even if considered, the newly-proffered "evidence" fails to show subversion of the 3GPP technical standard-setting process or raise Plaintiffs' allegations of antitrust conspiracy above the speculative level. The Court's final Order dismissing the case for good should remain as it is.

**ARGUMENT**

I.  **PLAINTIFFS FAIL TO CARRY THEIR RULE 59(e) BURDEN**

   A.  **U.S. Cellular's Prejudgment Announcement That It Plans To Sell Motorola Devices Is Not "Newly-discovered Evidence"**

Under Federal Rule of Civil Procedure 59(e), reconsideration of a judgment is an "extraordinary remedy" that the Court should grant "sparingly." *Templet v. Hydrochem Inc.*, 367

F.3d 473, 479 (5th Cir. 2004). Rule 59(e) "serves [a] narrow purpose," permitting a party "to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 479 (internal quotation marks and citation omitted). In bringing a motion under Rule 59(e), a party may not "present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (internal quotation marks and citation omitted).

Yet Plaintiffs do just that. In their Motion, Plaintiffs claim that "new evidence" demonstrates Defendants' justifications for creation of Band 17 were pretextual. (Mot. [Dkt. 173] ¶ 4.) As to Motorola, this evidence comes only in the form of a press release announcing U.S. Cellular's presale of Motorola's Moto X device. (*Id.* ¶¶ 8–10.) But U.S. Cellular issued this press release to the public on August 1, 2013—more than a month *before* the Court entered its 9/10/13 Order dismissing Plaintiffs' Third Amended Complaint [Dkt. 171] ("Order"). (*See* Mot., Ex. B.) That is, as to Motorola, Plaintiffs proffer only evidence that they could have raised prior to entry of the Order. The Court should therefore decline to consider this evidence and should deny Plaintiffs' Motion. *See Lake Hill Motors, Inc. v. Jim Bennett Yacht Sales, Inc.*, 246 F.3d 752, 757–58 (5th Cir. 2001) (affirming the district court's denial of a Rule 59(e) motion and holding that the "district court is well within its discretion to refuse to consider evidence submitted as part of a motion under Rule 59(e)" where that evidence came to light two weeks before the district court issued its judgment).[1]

---

[1] As explained in AT&T's Opposition, Plaintiffs mischaracterize AT&T's letter to the FCC (Mot., Ex. A.), issued on the same day as the Order. In that letter, AT&T makes clear that the Lower A Block interference problems (which led to the creation of Band 12) are still significant and must be addressed as a prerequisite to a future interoperability requirement.

### B. Plaintiffs' Attempt To Rehash Already-rejected Evidence, Legal Theories, And Arguments Is Improper

Further, Rule 59(e) "may not be used to relitigate old matters." *Exxon Shipping*, 554 U.S. at 486 n.5 (internal quotation marks and citation omitted). In particular, a party may not bring a Rule 59(e) motion as a "vehicle for rehashing evidence, legal theories, or arguments." *Templet*, 367 F.3d at 478–79.

Yet, again, Plaintiffs do just that. In their Motion, Plaintiffs argue that U.S. Cellular's press release demonstrates that Motorola "will make, or is making, Band 12 devices." (Mot. ¶ 10.) According to Plaintiffs, this in turn establishes that Motorola's justifications for creation of Band 17 were pretextual, such that the "only possible conclusion that can be drawn is that the 'true reason' for the creation of Band 17 was to create a private band for AT&T." (*Id.* ¶ 15.) Plaintiffs have advanced that same theory multiple times before. (*See, e.g.*, Third Am. and Supplemental Compl. [Dkt. 125] ("TAC") ¶¶ 266–69; Plaintiffs' Combined Memorandum in Response to Defendants' Second Motion to Dismiss [Dkt. 150] at 14.) And this Court has twice before rejected that theory. (*See* 8/31/12 Mem. Op. granting Defendants' motions to dismiss First Am. Compl. [Dkt. 100] at 21–22; Mem. Op. granting Defendants' motions to dismiss TAC [Dkt. 172] ("9/10/13 Op.") at 5–6.) Because Plaintiffs' Motion impermissibly rehashes rejected arguments and theories, the Court should deny Plaintiffs' Motion and reaffirm its Order rejecting those arguments and theories.

### II. EVEN CONSIDERING THE NEWLY-PROFFERED "EVIDENCE," THE TAC FAILS TO ALLEGE A PLAUSIBLE ANTICOMPETITIVE AGREEMENT

Even if the Court were to consider the improper "evidence," such purported evidence fails to fix the fatal defects of the TAC that the Court identified in its Opinion. *First*, the Motion

leaves unchallenged the Court's conclusion that Plaintiffs provide no factual allegations of: when any alleged agreement among Defendants occurred; which particular individuals met at which particular times; or "even what such an alleged agreement entailed." (9/10/13 Op. at 5.) *Second*, the Motion leaves unchallenged the Court's finding that Plaintiffs "fail to counter the Court's determination that the 3GPP process was followed to the letter." (*Id.* at 6.) And *third*, the Motion leaves unchallenged the Court's holding that Plaintiffs "present[] no facts demonstrating procedural irregularities within the [3GPP] process, that the 3GPP process was subverted or turned into a sham, or that the Defendants agreed to employ – or indeed did employ – any improper practices within the standard setting process." (*Id.* at 6.) That is, Plaintiffs' Motion and accompanying evidence are far from being a game-changer.

*Finally*, as Motorola has pointed out previously, Motorola's concern at the time of adoption of Band 12 was that an interoperability mandate would thwart the expedient and cost-effective launch of 4G-LTE devices capable of performance to Motorola's standards in light of the Lower A Block interference issues. (Motorola's Rebuttal Mem. Br. In Supp. Of Mot. To Dismiss Third Am. and Supplemental Compl. [Dkt. 157] at 10.) Engineers for a unanimous industry agreed. And no one voted against adoption of Band 12. (9/10/13 Op. at 7.) Plaintiffs fail to allege that devices required to interoperate across Lower A, B, and C Blocks could have been launched as expediently, cost-effectively, and as unaffected by interference as those launched on Band 17 (operating only on Lower B and C Blocks). Adoption of Band 12 five years ago thus remains an independent, procompetitive standard-setting decision that promoted innovation and was good for consumers—the type of decision that the antitrust laws protect and encourage.

Pointing to the industry's purported reconciliation over certain of the Lower A Block interference concerns *five years later* does not eviscerate the validity of those concerns *at the time* the industry adopted Band 12. To the extent the newly-proffered evidence suggests advancements in a dynamic, high-technology industry have put to bed technical issues identified five years ago, that represents progress, not pretext. And such evidence does not advance Plaintiffs' allegations of antitrust conspiracy beyond the speculative level.

As the Court opined after Plaintiffs' most recent additions to their pleadings, "it has been made clear that no additional factual allegations can or have been made to support Plaintiffs' claims." (9/10/13 Op. at 8.) Dismissal of Plaintiffs' claims with prejudice was and remains appropriate. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

## CONCLUSION

Ultimately, Plaintiffs doubly abuse Rule 59(e): they present evidence that they could have raised prior to entry of the Court's Order, and they rehash arguments and theories that the Court has already considered and rejected twice. Furthermore, Plaintiffs' Motion and newly-proffered evidence do not address—and indeed, do not affect—the grounds specified in the Court's well-reasoned Opinion dismissing the TAC. Therefore, the Court should deny the Motion.

Dated: October 21, 2013

Respectfully submitted,

*s/ Jim M. Greenlee*
Jim M. Greenlee, MSB # 5001
HOLCOMB, DUNBAR, WATTS, BEST,
MASTERS & GOLMON
400 South Lamar Blvd., Suite A
P.O. Drawer 707
Oxford, Mississippi 38655
Telephone: (662) 234-8775
Facsimile: (662) 238-7552

jgreenlee@holcombdunbar.com

John S. Gibson (admitted *pro hac vice*)
Chahira Solh (admitted *pro hac vice*)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, California  92614-8505
Telephone:     (949) 263 8400
Facsimile:     (949) 263 8414
jgibson@crowell.com
csolh@crowell.com

Jason C. Murray (admitted *pro hac vice*)
CROWELL & MORING LLP
515 South Flower Street, 40th Floor
Los Angeles, California  90071
Telephone:     (213) 622-4750
Facsimile:     (213) 622-2690
jmurray@crowell.com

*COUNSEL FOR DEFENDANTS*
*MOTOROLA MOBILITY LLC (f/k/a Motorola*
*Mobility, Inc.) AND MOTOROLA*
*SOLUTIONS, INC.*

**CERTIFICATE OF SERVICE**

I, JIM M. GREENLEE, of the firm of HOLCOMB, DUNBAR, WATTS, BEST, MASTERS & GOLMON, do hereby certify, that on **October 21, 2013**, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to the following:

Alan Walter Perry
FORMAN, PERRY, WATKINS, KRUTZ & TARDY, PLLC
P.O. Box 22608
Jackson, MS 39225-2608
Email: aperry@fpwk.com

Brian Craig Kimball
BRUNINI, GRANTHAM, GROWER & HEWES
P. O. Drawer 119
Jackson, MS 39205-0119
Email: bkimball@brunini.com

Charles Louis McBride , Jr.
BRUNINI, GRANTHAM, GROWER & HEWES
P. O. Drawer 119
Jackson, MS 39205-0119
Email: cmcbride@brunini.com

Daniel J. Mulholland
FORMAN, PERRY, WATKINS, KRUTZ & TARDY, PLLC
P.O. Box 22608
Jackson, MS 39225-2608
Email: mulhollanddj@fpwk.com

Martin Patrick McDowell
BRUNINI, GRANTHAM, GROWER & HEWES
P. O. Drawer 119
Jackson, MS 39205-0119
Email: pmcdowell@brunini.com

Walter H. Boone
FORMAN, PERRY, WATKINS, KRUTZ & TARDY, PLLC
P.O. Box 22608
Jackson, MS 39225-2608
Email: whboone@fpwk.com

Walter T. Johnson
WATKINS & EAGER
P. O. Box 650
Jackson, MS 39205-0650
Email: wjohnson@watkinseager.com

David W. Upchurch
HOLLAND RAY UPCHURCH AND HILLEN
P.O. Drawer 409
Tupelo, MS 38802-0409
Email: dwu@hruhpa.com

Joseph Anthony Sclafani
BRUNINI, GRANTHAM,
P. O. Drawer 119
Jackson, MS 39205-0119
Email: jsclafani@brunini.com

Margaret Sams Gratz
MITCHELL, MCNUTT & SAMS - Tupelo
P. O. Box 7120
Tupelo, MS 38802-7120
Email: mgratz@mitchellmcnutt.com

Yonatan Even
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Email: yeven@cravath.com

Aaron M. Panner
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL PLLC
1615 M Street NW, Suite 400
Washington State, DC 20036
Email: apanner@khhte.com

Michael K. Kellogg
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL PLLC
1615 M Street NW, Suite 400
Washington State, DC 20036
Email: mkellogg@khhte.com

Katie L. Wallace
BRUNINI, GRANTHAM, GROWER &
HEWES
P. O. Drawer 119
Jackson, MS 39205-0119
Email: kwallace@brunini.com

L. F. Sams, Jr.
MITCHELL, MCNUTT & SAMS
P. O. Box 7120
Tupelo, MS 38802-7120
Email: ssams@mitchellmcnutt.com

Roger G. Brooks
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Email: rgbrooks@cravath.com

Otis R. Tims
MITCHELL, MCNUTT & SAMS
P. O. Box 7120
Tupelo, MS 38802-7120
Email: otims@mitchellmcnutt.com

Kenneth M. Fetterman
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL PLLC
1615 M. Street NW, Suite 400
Washington State, DC 20036
Email: kfetterman@khhte.com

William J. Rinner
KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL PLLC
1615 M. Street NW, Suite 400
Washington, DC 20036
Email: wrinner@khhte.com

Carrie R. Bierman
CRAVATH SWAINE & MOORE, LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Email: cbierman@cravath.com

Dated this, the 21st day of October, 2013

*s/ Jim M. Greenlee*
JIM M. GREENLEE

IRACTIVE-6033360.7